## No. 23141.

FLAVIO PAUFILO "SONNY" MARTINEZ v. THE PEOPLE OF
THE STATE OF COLORADO.
(444 P.2d 641)

Decided September 3, 1968.

526 

Frank J. Anesi, Public Defender, Sixth Judicial District, for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, John P. Moore, Assistant, for defendant in error.

*En Banc.*

Mr. Chief Justice Moore delivered the opinion of the Court.

Plaintiff in error will be referred to as the defendant. Following a trial to a jury he was convicted of the crimes of burglary and conspiracy to commit burglary, and was sentenced to confinement for an indeterminate term (not to exceed five years), in the reformatory at Buena Vista, Colorado.

On writ of error to this court it is argued that the trial court erred in giving Instruction No. 12, which purported to set forth the statutory definition of an accessory to a crime. It contained, *inter alia,* the following:

"A. It is necessary for you to consider the portion following of the statutory definition of an accessory, viz:

"An accessory is he or she who stands by and aids, abets or assists, or who, not being present, aiding, abetting or assisting, hath advised and encouraged the perpetration of the crime. He or she who thus aids, abets, or assists, advises or encourages, shall be deemed and considered as principal and punished accordingly.

"An accessory during the fact is a person who stands by, without interfering or giving such help as he may in his power to prevent a criminal offense from being committed."

 The inclusion of the last paragraph in the above

quoted instruction was error. The effect of it was to lead the jury to believe that if the defendant was one who stood by "without interfering" or who otherwise made no effort to prevent the commission of the crimes of burglary and conspiracy, he could be found guilty of those crimes under the information filed in this case. It is true that one who becomes an accessory under the first definition contained in the instruction, may be charged as principal. *Newton v. People*, 96 Colo. 246, 41 P.2d 300; *Mulligan v. People*, 68 Colo. 17, 189 P. 5. In the *Newton* case this court said:

" * * * The particulars in which an accessory aided and abetted, or advised and encouraged, the principal, need not be recited. * * * "

However, it is not true that one can be indicted as principal whose conduct is such as to make of him an "accessory during the fact" or an "accessory after the fact" as those two separate and distinct crimes are defined by C.R.S. 1963, 40-1-12 and 40-1-13 respectively. The penalty provided for these two crimes is entirely different from that authorized for one who "aids, abets or assists" or who has "advised and encouraged the perpetration of the crime." The essential ingredients of the crimes under comparison are entirely different.

In the instant case the question of defendant's guilt as an "accessory during the fact" could not be determined under the issues raised by the information and the plea of not guilty. That question did not relate to a lesser included offense contained within the charges in which the defendant was accused as principal. An effort to convict a person as an accessory "during," or "after," the time when a specific crime is being, or has been committed, by another, necessarily requires a specific allegation in the information which informs the accused that he is being charged, not as principal, but as an accessory "during the fact," or "after the fact," as those terms are defined by our statute.

It is very generally held that as to accessories

"after the fact" a specific charge raising that issue is necessary. Questions relating thereto are not included, upon the theory of a lesser included offense, within an information in which the persons accused are charged as principals. 42 C.J.S. 1078; 27 Am. Jur. 656.

■ It is equally clear that with reference to accessories "before the fact" (by which we mean those who "shall be deemed and considered as principal and punished accordingly") it is generally held that they may be charged as principal. This is true, because, as stated in *Pacheco v. People,* 96 Colo. 401, 43 P.2d 165, "There is no statutory distinction between accessories before the fact and principals."

■■ Most jurisdictions recognize but two classes of accessories, namely, *before* the fact, and *after* the fact. We know of no other jurisdiction in which a third category of accessories has been added. As far as we are advised, Colorado alone distinguishes between accessories before and after the fact and creates "accessories during the fact." Clearly the rules applicable to accessories after the fact which require a specific allegation, and which prohibit treatment of the issue as a lesser included offense, are equally applicable to the accessory "during" the fact as defined by Colorado law. In *Pacheco v. People, supra,* which was a case in which the defendants should "be deemed and considered as principal and punished accordingly," we find a sentence in which it is said: "An accessory during the fact may be charged in the information as principal." It is clear that this language mistakenly used the term "during the fact" as being synonymous with an accessory who under the terms of the statute may be "considered as principal and punished accordingly." The statutory accessory "during the fact" cannot be charged as principal.

In the instant case there were but two forms of verdict submitted on each charge, namely, guilty or not guilty of burglary; and guilty or not guilty of conspiracy.

■ From the record before us it cannot be deter-

mined whether the jury found the defendant guilty as an accessory before the fact. Only in such an event did the crime committed become a felony. From all that appears from the record the jury could have based their verdict upon a finding that the conduct of the defendant was such as to make him an accessory during the fact, as defined in Instruction No. 12. The court, by that instruction, definitely told the jurors that there was evidence before them upon which such a conclusion could be reached. If the jury intended to return a verdict of guilt based upon the premise that the defendant was an accessory "during the fact," the judgment entered by the court was invalid. The statute, C.R.S. 1963, 40-1-13, provides an entirely different penalty for the punishment of an accessory "during the fact" than is applicable to an accessory who "aids, abets, or assists," or who, not being present, "has advised and encouraged the perpetration of the crime."

As already indicated, the information raised no issue upon the question as to whether the defendant was an accessory during the fact. No instruction on that question was proper and its introduction into the case could only cause confusion.

In *Abeyta v. People,* 134 Colo. 441, 305 P.2d 1063, we find the following pertinent language:
"No instruction should be given by the court, either on its own motion or at the request of counsel, which tenders an issue that is not presented by the pleadings or supported by the evidence, or which deviates therefrom in any material respect. * * * "

In *Johnson v. People,* 145 Colo. 314, 358 P.2d 873, this court said:
"It is axiomatic that the accused in a criminal case is entitled to an instruction based on his theory of the case. In *Payne v. People,* 110 Colo. 236, 132 P.(2d) 441, it is stated, *inter alia:*
' * * * In any event the law, which makes every provision for the protection of even possible innocence, has

neither overlooked such a situation as here confronts us nor issued its mandate in equivocal language. "No matter how improbable or unreasonable the contention, defendant was entitled to an appropriate instruction upon the hypothesis that it might be true." ' [Citing cases.]
* * *

"Instruction No. 11, given by the trial court, was the only one in which an accessory was defined. It correctly defined an accessory before the fact, but in addition thereto it contained the following statement: 'An accessory during the fact is a person who stands by, without interfering or giving such help as he may in his power to prevent a criminal offense from being committed.' The trial court did not submit any form of verdict, although requested to do so, on the question of whether defendant was an 'accessory during the fact,' and thus it cannot be said with certainty whether the guilty verdict was grounded on a finding that defendant was an accessory during the fact, or an accessory under such circumstances as to be deemed and considered as a principal and punished as such. Participation in a criminal act as an accessory during the fact 'is a distinct offense, and the penalty therefor is different from the penalty prescribed for the principal.' *Stewart v. People,* 83 Colo. 289, 264 Pac. 720. The instruction should not have indicated that there was no distinction in law between an accessory before the fact and an accessory during the fact. The court could not legally have passed sentence of twenty-five years imprisonment if the verdict was based on a finding that defendant was an accessory *during* the fact."

The judgment is reversed and the cause remanded for a new trial.

MR. JUSTICE PRINGLE concurs in the result.

MR. JUSTICE MCWILLIAMS dissenting.

MR. JUSTICE DAY not participating.

Mr. Justice McWilliams dissenting:

I respectfully dissent and shall briefly state my reasons therefor.

The majority reverses this case because the trial court gave an instruction to the jury which included the statutory definition of a so-called "accessory during the fact." According to the majority, the inclusion of such was error.

I agree with the majority that under the facts and circumstances of the instant case it was probably error for the trial court to give the jury an instruction embodying the statutory definition of an accessory *during* the fact. The defendant was *not* charged with being an accessory *during* the fact, nor in my view would the evidence have supported such a charge. The defendant *was* charged with burglary and conspiracy and in my analysis of the situation he was either guilty or not guilty of the two specific crimes with which he was charged. By instructing on the statutory definition of an accessory during the fact, the judicial waters were unduly muddied.

Assuming then that it was error to instruct the jury on the statutory definition of an accessory *during* the fact, which is the holding of the majority, let us see just how this particular error was brought about.

Though the record is not too clear in this regard, as I read it the defendant did not object to the giving of an instruction setting forth the statutory definition of an accessory *during* the fact. Not only did the defendant *not* object to the giving of such instruction, but on the contrary, and the record is quite clear in this regard, *the defendant by tendered instruction specifically asked that the jury be given an instruction setting forth the statutory definition of an accessory during the fact.* The trial court refused the tendered instruction on the ground that it was "already covered." And indeed it was "already covered" by Instruction No. 12. In other

words, though the trial court refused the defendant's tendered instruction which set forth the statutory definition of an accessory *during* the fact, the court obviously acquiesced in the request of the defendant that such an instruction be given the jury. And the instruction given was in precisely the same language as the tendered instruction. So, the defendant sought and obtained an instruction which gave the jury the statutory definition of an accessory during the fact. Hence, any error in this regard was of the defendant's own making and he should not now be permitted to profit thereby.

It seems strange to me that the defendant in a criminal proceeding can prevail upon a trial court to give a particular instruction and, when convicted, thereafter obtain a reversal from us on the ground that it was error for the trial court to give the very instruction which the defendant himself foisted upon the trial court. This, to me, is a rather classical example of a bootstrap operation and should find no sanction in the law. On this state of the record, I would give effect to Colo. R. Crim. P. 30, which provides that the only objections to instructions which will be considered by us on review are those which are interposed and specified before the instructions are given the jury.