No. 22801.

Arthur Raymond Medina *v.* The People of the
State of Colorado.
(450 P.2d 662)

Decided February 24, 1969.

Raymond Duitch, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore,
Deputy, Paul D. Rubner, Assistant, for defendant in
error.

*In Department.*

Opinion by Mr. Chief Justice McWilliams.

Medina was convicted by a jury of the crimes of
burglary second degree and larceny of personal property
of a value in excess of $50 and thereafter he was sen-

tenced to a separate term in the State Penitentiary for each of these two crimes, the sentences, however, to run concurrently. By this writ of error, as we understand it, Medina seeks only a reversal of the larceny conviction, inasmuch as counsel in his written brief and again in oral argument has conceded, for all practical purposes at least, that the record does support the burglary conviction.

Although it is a bit hard to tell, it would appear that the chief reason advanced here in behalf of Medina as to why the larceny conviction should be reversed is that the evidence is legally insufficient to support such conviction. More specifically, it is argued that there is no evidence that Medina himself stole anything or that he was acting as an accessory to others who did commit the theft. At the most, says counsel, the evidence only shows that Medina was guilty of being an accessory during the fact and that there is simply no evidence that he was standing by *and* aiding, abetting or assisting the others who committed the actual theft. Our analysis of the evidence leads us to conclude, however, that there is ample evidence to support the larceny conviction, not to mention the burglary conviction. Some reference to the evidence adduced upon trial becomes necessary.

It is conceded that an office building located on a used car lot in Colorado Springs was burglarized in the early morning of August 3, 1966. Entry into the building was gained by breaking a glass window. Also, the evidence clearly disclosed that the burglars, whoever they were, stole various items of personal property from the building and that these several items had an aggregate value in excess of $50. The more narrow issue to be determined by us therefore is whether there is sufficient incriminating evidence tying Medina into the burglary and larceny.

The police by chance came upon this burglary as it was in progress. One officer testified that the saw "shadows" in the office building here in question and

that as he and his partner approached the lot from a rear alley he noticed that at least three, and possibly four persons, were involved. This particular officer gave chase to one of these three or four persons and the officer testified that he observed that the person to whom he had given chase was carrying some objects in his hands. The individual thus pursued by the officer was very quickly arrested when he "came out on one side of some bushes" and the party thus arrested was identified upon trial as being Medina. "On the other side of these bushes," the officer testified that he found on the ground three cartons of cigarettes and a cigar box full of nuts and bolts which were identified as having been stolen from the office building on the used car lot.

A second police officer gave chase to another person who was also fleeing the scene and this officer managed to effect the arrest of another of the burglars. The other person or persons who were involved in this burglary however successfully fled the scene.

A further search of the immediate area made by these police officers disclosed several green stamp books, a battery charger and a jacket, all of which had been taken from the building and dropped by the burglars as they fled the scene.

Also, and this is deemed to be important, there was testimony that certain latent prints taken off the glass from the broken window through which entry had been gained into the building were those of Mr. Medina.

Upon trial Medina testified in his own behalf and his testimony was that for several hours prior to his arrest he and three or four others had been on a wine drinking spree. He conceded that he was no doubt present when the burglary and larceny were committed, but claimed that he was drunk, didn't know what was going on and most certainly was not in any manner aiding, abetting or assisting the others in the larceny.

It is quite true that there is a marked difference between the type of an "accessory" who stands by *and* aids,

abets or assists in the perpetration of a crime and an "accessory during the fact," who *merely* stands by, without interfering or giving such help as he may have in his power to prevent a criminal offense from being committed, but who on the other hand is *not* aiding, abetting or assisting, as such, in the perpetration of the crime. The former, according to C.R.S. 1963, 40-1-12, is deemed and considered as a principal and punished accordingly; whereas under C.R.S. 1963, 40-1-13 a person found guilty of being accessory during the fact is guilty of a distinct offense from that of the principal and the penalty therefor is different from that prescribed for the principal. *Martinez v. People*, 166 Colo. 524, 444 P.2d 641, *Johnson v. People*, 145 Colo. 314, 358 P.2d 873, and *Stewart v. People*, 83 Colo. 289, 264 P. 720.

However, though there admittedly is a difference between an "accessory" and an "accessory during the fact," such distinction is unavailing to Medina, as counsel misconceives the effect of the People's evidence. Certainly under the circumstances the fingerprint testimony in and of itself is sufficient to support the burglary conviction. Moreover, Medina was arrested while fleeing the scene and, according to the arresting officer, certain items of property stolen from the building were found along the route taken by Medina. The fact that the others may well have stolen other items of property which they in turn dropped in the chase does not in anywise work to Medina's advantage.

Without belaboring then that which seems to us to be the obvious, there is ample evidence that Medina was not just standing by, but on the contrary was actively aiding, abetting and assisting the others, and was indeed a principal in both the burglary and the larceny.

The judgment is affirmed.

Mr. Justice Pringle and Mr. Justice Hodges concur.