## No. 23837

**Louis Arnold Lafeve v. The People of the State of Colorado**
(492 P.2d 852)

Decided January 17, 1972.

Orville A. Kenelly, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, E. Ronald Beeks, Assistant, for defendant in error.

*En Banc.*

MITCHEL B. JOHNS, District Judge*, delivered the opinion of the Court.

This case is here on a writ of error. The plaintiff in error, defendant below, was found guilty by a jury of charges of burglary in the second degree and theft, and he was sentenced to the penitentiary.

The facts, briefly stated, are as follows: At or about 12:50 a.m. on the morning of November 15, 1967, the defendant and two companions were seen by two policemen riding around the Red Rock Shopping Center located in the 3400 block on West Colorado Avenue, in Colorado Springs, in a 1956 Chevrolet. The policemen stopped the car and requested to see the occupants' licenses. None of the occupants, including the defendant, could produce a driver's license, so they were advised by the policemen to park the car and leave it there until a licensed driver came for it. This was done. The occupants of the car left and later returned with two girl companions, one of whom drove the car away.

Later the defendant and his two companions were seen in the same car again. Subsequently, the same morning the policemen saw an automobile being driven in a parking lot area with its lights out. While being observed, its lights were turned on and it left the parking area. The officers recognized the car as being the one they had stopped earlier. They followed and stopped the car about eight or nine blocks west

---

* District Judge sitting under assignment of the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.

of the parking area. After stopping, the driver of the car got out and came running back to the police car. The officers, with the driver, returned to the car where they found the defendant and another male. One officer testified that, from outside the car, he observed inside the car bottles of pills or capsules and a pry-bar. Various tools were also seen in the car.

Both of the occupants and the driver had a white substance on their clothes and in their hair. This substance was comparable to the acoustical tile in the ceiling of the pharmacy through which the burglars had cut in order to enter the store.

The defendant, the driver, and the other occupant of the car were taken to police headquarters, along with the car. The car was there searched and the numerous tools, including crowbars, saws, a hammer, a screwdriver, previously observed at the time of the arrest, were seized. Also found were various boxes and bottles of pills, currency and checks, and a bottle of whiskey. All such items, with the exception of the tools, were subsequently identified as having been taken from the burglarized pharmacy.

At the trial, one of them, named Sandovol, and the defendant, both testified that they had been drinking beer and that the defendant "passed out" and the other occupant of the car admitted that they made plans to and did burglarize a pharmacy and said that the defendant was still "passed out." The police officers testified that the defendant did not appear to be drunk, but that he told them he was a drug addict and was in need of a "fix."

The defendant assigns five grounds of error. The defendant first contends that the trial court erred in refusing to grant defendant's motion to suppress the evidence on the ground that the evidence was obtained as the result of an illegal search and seizure. Defendant relies upon *Eyrich v. People,* 161 Colo. 554, 423 P.2d 582. That case is clearly distinguishable from the case at bar.

The events which led up to the arrest were sufficient probable cause to support the arrest without a

warrant. *Mathis v. People,* 167 Colo. 504, 448 P.2d 633. It is immaterial whether a search precedes or follows formal arrest procedure. *Lavato v. People,* 159 Colo. 223, 411 P.2d 328. The subsequent search of the car was valid under the rule announced in *Stewart v. People,* 162 Colo. 117, 426 P.2d 545, and *Mathis v. People, supra.*

Also, there is probable cause under the plain view doctrine. *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1924). Thus, we conclude that the evidence was properly admissible.

The defendant next specifies as error that the trial court refused to grant his motion for acquittal at the close of the People's evidence. There was sufficient competent evidence to support the verdict and to warrant the denial of the motion for acquittal. *Bennett v. People,* 155 Colo. 101, 392 P.2d 657; *Ruark v. People,* 164 Colo. 257, 434 P.2d 124.

The third assignment of error is that the court erred in giving an instruction, the material part of which is as follows:

"An accessory is defined as follows: An accessory is he or she who stands by and aids, abets or assists, or who, not being present, aiding, abetting or assisting, hath advised and encouraged the perpetration of the crime. He or she who thus aids, abets or assists, advises or encourages, shall be deemed and considered as principal and punished accordingly."

The defendant relies upon *Martinez v. People,* 166 Colo. 524, 444 P.2d 641, to the effect that the instruction leads to speculation that an accused could be an accessory during the fact and still be convicted as a principal. *Martinez* cannot be so construed. In that case, the language aforesaid defining an accessory was submitted to the jury. However, the trial court, in *Martinez,* added a second paragraph in that same instruction and attempted to define an accessory during the fact. This court struck down only that portion of the instruction which concerned itself with the definition of accessory during the fact. In the case at bar, the defendant was charged as principal and the jury was properly instructed on accessory before the fact as provided by statute. *See* C.R.S. 1963,

40-1-12. *See also Medina v. People,* 168 Colo. 255, 450 P.2d 662.

██ The defendant asserts that the trial court erred in failing to give two proffered instructions. It is patent from a reading of these instructions that it would have been improper for the trial court to have submitted them to the jury, for the principles of law asserted therein were adequately and properly covered by other instructions of the court.

██ The last contention of the defendant is that the trial court erred in allowing the arresting officer to testify in the presence of the jury concerning the conversation between the defendant and such officer, to the effect that the defendant was a drug addict, addicted to heroin, needed a shot, and was ill. Contemporaneously, with the admission of this testimony, the trial court instructed the jury that the evidence was received for the limited purpose of showing the intent of the defendant in the alleged crime, and that it was not to be considered for the purpose of showing his addiction. The court also instructed the jury, in effect, that the defendant was not charged with possession of narcotics or with addiction to drugs. The trial court properly instructed the jury concerning the limited purpose for which the evidence could be considered.

The judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE LEE not participating.