No. 24694

**Robert E. McDaniel v. The People of the State of Colorado**
(499 P.2d 613)

Decided July 17, 1972.                    Rehearing denied August 8, 1972.

Carroll & Bradley, P.C., John S. Carroll, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Michael T. Haley, Assistant, Jack E. Hanthorn, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

McDaniel was charged with assaulting a peace officer with a deadly weapon (1967 Perm. Supp., C.R.S. 1963, 40-7-54). Upon trial, he was convicted as charged by a jury. By writ of error, McDaniel seeks reversal of the judgment.

The undisputed facts are that officer Turner of the Adams County Sheriff's Department responded to a call to investigate an alleged assault and battery. He met defendant's wife and father-in-law at the latter's residence. Both signed assault and battery complaints against McDaniel. The officer proceeded to McDaniel's house, where he contacted the defendant by the back door, which was slightly ajar. McDaniel was in the kitchen and could hear and see the uniformed officer who was standing just outside the door. There is a dispute in the testimony of the officer and McDaniel as to what was said and done, but it is clear that the officer did not proceed into the house, but returned to his patrol car to radio for more assistance (two other officers had already arrived). During this time, McDaniel went to his bedroom where he loaded and strapped to his side a .44 magnum, single-action revolver. When officer Turner returned to the back of the house, he found McDaniel just inside the fully open doorway. The officer twice asked McDaniel to remove his weapon. McDaniel refused. According to defendant's testimony, he waited until the officer's hand was away from his own

weapon, in order to "get the drop on him," then drew and cocked his weapon. Being about two feet from McDaniel, the officer grabbed the revolver just after defendant drew it. A scuffle ensued, wherein the weapon discharged three times. The officer was slightly injured, although he was not struck by a bullet. McDaniel was subsequently subdued with the help of the two other officers.

Of the numerous alleged errors assigned herein, several involved the question of whether the jury was properly instructed. McDaniel first contends that the trial court should have instructed the jury that, as a matter of law, the arrest of McDaniel prior to the time he procured a weapon was unlawful. In this connection, the court did instruct the jury as to what constitutes a lawful arrest made without a warrant in the terms of C.R.S. 1963, 39-2-20. *See Jordan v. People,* 161 Colo. 54, 419 P.2d 656. Under the circumstances of this case, we hold that because of the dispute in the evidence as to whether there was in fact an unlawful arrest, the question was properly for the jury.

McDaniel next contends that the trial court should have clearly instructed on his theory of the case, an individual's right to resist an unlawful arrest. As noted above, the court did instruct as to what constitutes a lawful arrest made without a warrant. The trial court also instructed the jury that if they found the arrest unlawful, McDaniel had a right to resist, but only with such force as was necessary to extricate himself. McDaniel asserts that an absolute right to resist an unlawful arrest exists by virtue of 1967 Perm. Supp., C.R.S. 1963, 40-7-57, which states: "Nothing in sections 40-7-54 to 40-7-57 shall be deemed to prohibit any person from resisting an unlawful arrest." Sections 40-7-54 and 40-7-55 concern, respectively, assault against peace officer — deadly weapon, etc., and assault and battery against peace officer. Peace officer is defined in section 40-7-56.

While "resisting an unlawful arrest" is not expressly limited within the statute, we hold the statute does not broaden the long accepted rule that one may not act to protect himself or property, whether it be in self-defense or

156

otherwise, with more force than is reasonably necessary. A peace officer cannot use excessive force in making an arrest or bringing one into submission. 5 *Am. Jur.* 2d *Arrest* § 80. Likewise, a citizen in resisting an unlawful arrest cannot act with any more force than could the officer in effecting a lawful arrest. *Wainwright v. City of New Orleans,* 392 U.S. 598, 88 S.Ct. 2245, 20 L.Ed.2d 1322 (concurring opinion of Mr. Justice Fortas). *See also State v. DeRoss,* 9 Ariz. App. 497, 454 P.2d 167; *W. R. LaFave, Arrest; The Decision to Take A Suspect into Custody* 231-43 (F. J. Remington ed. 1965). We conclude that to construe section 40-7-57 as intending to authorize the use of *excessive* force by one unlawfully arrested would, in our view, result in a palpable absurdity. *Cf. People v. Kilpatrick,* 79 Colo. 303, 245 P. 719.

Since the instruction contains a correct statement of the law and is clear and concise, we perceive no error in the trial court's declination to adopt McDaniel's proffered instructions on resisting unlawful arrest. *See LaFeve v. People,* 177 Colo. 67, 492 P.2d 852 (1972).

McDaniel's other contentions have been considered and determined to be without merit.

Judgment affirmed.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE LEE and MR. JUSTICE ERICKSON concur.