No. 25069

**The People of the State of Colorado v. Ronald Alan Gill**
(506 P.2d 134)

Decided February 5, 1973.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Kenneth J. Russell, Deputy, Thomas M. Van Cleave, III, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The defendant, Ronald Alan Gill, was convicted by a jury of three drug-related offenses. 1969 Perm. Supp., C.R.S. 1963, 48-8-10 (possession with intent to dispense a dangerous drug), 1969 Perm. Supp., C.R.S. 1963, 48-8-2 (dispensing a dangerous drug), and C.R.S. 1963, 40-7-35 (conspiracy). The court imposed concurrent sentences for the three offenses. In this appeal, the defendant urges substantially the same ground for reversal which we reviewed in *People v. Lee,* 180 Colo. 377, 506 P.2d 136 [announced contemporaneously with this opinion]. Since the charges in this case are different from those in *People v. Lee, supra,* an additional comment is appropriate, although the result is identical.

■ Gill asserts, as Lee did, that dispensing a dangerous drug to an undercover police agent is specifically exempted from criminal responsibility by the provisions of 1969 Perm. Supp., C.R.S. 1963, 48-8-3. We answered this argument in *People v. Lee, supra,* and held that the statutory exemption is available only to a person who is lawfully in possession of the drug and dispenses drugs with knowledge of the identity of the police officer.

■ Let us assume for the moment that the defendant were correct that dispensing a dangerous drug to an undercover police agent is exempt from criminal liability. Nevertheless, the defendant could still be guilty of possession with intent to illegally dispense a dangerous drug.

■ Possession with intent to dispense a dangerous drug in violation of law consists of two distinct elements. To be guilty, a defendant must possess a dangerous drug and simultaneously intend to illegally dispense the drug. The

existence of each element is a fact to be determined by the jury. Evidence was presented that the defendant dispensed a dangerous drug to an undercover agent who the defendant thought was an illicit user of drugs. This evidence more than supports the jury's verdict that the defendant intended to dispense dangerous drugs in violation of law. Had the facts been as the defendant believed them to be, he would have succeeded in violating the law as he intended. The fact that his intention was frustrated by facts unknown to him does not change his intent or relieve him of criminal responsibility. The offense was complete when he had the drugs in his possession and formed the intent to illegally dispense the drugs. Burglary offers an apt analogy. A general definition of burglary is an unlawful entry with intent to commit a felony. The burglary is complete when the burglar enters with the requisite intent, even though the object of his entry may be impossible. *Pinkney v. United States,* 380 F.2d 882 (5th Cir. 1967); *Larson v. State,* 161 Neb. 339, 73 N.W.2d 388 (1955); *Wagner v. State,* 218 Wis. 79, 259 N.W. 826 (1935).

Similarly, a conspiracy to commit a crime may be punished even though the object of the conspiracy was frustrated by facts which were unknown to the conspirators when they made their criminal agreement. Conspirators are punished, in large part, because their combination increases the danger to society. When the conspirators agree to engage in conduct that would result in a crime if the facts were as the conspirators believe them to be, and take a step towards completion, the danger is manifest and the conspiracy is consummated. Success or failure of the object of the conspiracy does not determine the guilt or innocence of the conspirators. Conspirators are not relieved of liability because the object of their conspiracy was made impossible or frustrated by facts which were unknown to them at the time that they formed the conspiracy. *State v. Moretti,* 52 N.J. 182, 244 A.2d 499 (1968); *Beddow v. United States,* 70 F.2d 674 (8th Cir. 1934).

Hence, even if we were to agree that dispensing drugs to an undercover police agent is exempt from liability, the other

two convictions would stand. Since we have rejected the defendant's exemption argument, all three convictions withstand attack. The other contentions which have been raised are also without merit.

Accordingly, we affirm the convictions.

MR. JUSTICE KELLEY does not participate.