No. 25787

### The People of the State of Colorado v. Irene R. Aragon
(525 P.2d 1134)

Decided August 26, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, Sara Duncan, Special Assistant, Aurel M. Kelly, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Lee Belstock, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

Irene R. Aragon was charged with and found guilty of aggravated robbery in the District Court of El Paso County, in violation of C.R.S. 1963, 40-5-1 and has appealed the judgment of conviction to this court. She will be referred to as the defendant.

In challenging the judgment of the district court, the defendant contends that (1) the court erred in denying her motion for judgment of acquittal at the close of the People's case and that (2) the court erred in instructing the jury on "the crimes of accessory during and after the fact." Only the first issue was raised in the motion for new trial. A review of the record fails to disclose reversible error.

I.

Although the evidence was conflicting, the evidence, viewed in the light most favorable to the People, supports the verdict. *Schreiner v. People,* 146 Colo. 19, 360 P.2d 443 (1961).

This evidence shows that: On February 15, 1972, around 7:00 p.m., the defendant, her common law husband, Arnold Gonzales, his uncle, Frank Gonzales, and Tracy Ukena who were all jointly charged with her, drove into a nearly deserted Miller's Supermarket parking lot in Colorado Springs. The defendant left the car and stood at the door of the store for about a minute before returning to the car. As she walked back to the car, she passed Frank Gonzales and Ukena who proceeded into the market and robbed it at gunpoint. She got into the car, and Arnold Gonzales, the driver, backed around the corner to await the return of Frank Gonzales and Ukena.

Meanwhile in the store Frank Gonzales and Ukena obtained from the store manager just under $2,000 of the store's money and then exited the store. They hurried back to the car carrying a bag which contained the money. They left the parking lot very quickly, but not before a witness had recorded the license number of the car. On the basis of this license number, the police stopped a car in which Arnold and Frank Gonzales, Ukena and the defendant were riding.

The defendant's purse was found in the back seat of the car containing $306 in cash and two guns. One gun was identified as similar to the one used in the robbery. Apparently, the money taken in the robbery had been divided among the four of them, as a total of $1,904.64 was recovered from them.

This evidence and the inferences which can reasonably be drawn therefrom is sufficient to sustain the conviction of the defendant as one who stood by, aided, abetted and assisted in the perpetration of the armed robbery and was, therefore, an accessory and guilty as a principal within the terms of C.R.S. 1963, 40-1-12. *Block v. People,* 125 Colo. 36, 240 P.2d 512, *cert. denied,* 343 U.S. 978, 72 S.Ct. 1076, 96 L.Ed. 1370 (1952).

## II.

The second issue, as noted above, was not raised in the motion for new trial. Also, when court and counsel were settling the instructions, the record reflects that the following, pertinent to this issue, transpired:

"THE COURT: Record will reflect that Mr. Walta, counsel

for Irene Aragon, now has before him the proposed instructions, and verdict forms.

"MR. WALTA: Your Honor, let the record reflect that the defense attorney for Irene Aragon has — has reviewed the instructions and the verdicts, and finds them satisfactory, and has no instructions or alternative verdicts to tender to the Court."

Defendant contends that the giving of an instruction on accessory *during and after the fact* when those crimes were not charged in the information constitutes fundamental or plain error which the court should consider even though not preserved in accordance with the rules of procedure. Crim. P. 52(b). The defendant relies on *Martinez v. People,* 166 Colo. 524, 444 P.2d 641 (1968). *Martinez* is not controlling. We need only point out that in *Martinez* objections were made to the instructions and the matter was specifically called to the trial court's attention in the motion for new trial.

██ Crim. P. 52(b), the "plain error" rule, requires us to determine from a reading of the record whether there is a reasonable possibility that the alleged erroneous instruction contributed to the defendant's conviction. If we conclude that the jury would not find the prosecution's case significantly less persuasive by the elimination of the challenged wording in the instruction, we must affirm. *People v. Barker,* 180 Colo. 28, 501 P.2d 1041 (1972), and cases cited therein. Under the circumstances of this case, we perceive no compulsion to find the existence of plain error.

The judgment is affirmed.

MR. JUSTICE DAY and MR. JUSTICE LEE do not participate.