## No. 26255

**The People of the State of Colorado v. Thomas Joseph Parent**

(543 P.2d 1241)

Decided December 22, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Morrato, Gueck & Colantuno, P.C., James J. Morrato, for defendant-appellant.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

The appellant was convicted of conspiracy to sell a narcotic drug, specifically marijuana, with intent to induce another to illegally possess or use that drug in violation of C.R.S. 1963, 48-5-20(1)(a)(i). He now alleges three grounds for reversal: (1) that the classification of marijuana as a narcotic drug at the time he was convicted was unconstitutional; (2) that the evidence did not show that marijuana was a narcotic drug; and (3) that one cannot be convicted of a sale to induce illegal possession of a drug where the purchaser is a police officer. We reject these contentions and affirm.

## I.

First, the appellant argues that the statutory classification of marijuana as a narcotic at the time of his conviction violates the equal protection clause of the Fourteenth Amendment. We have held otherwise in *People v. Steed*, 189 Colo. 212, 540 P.2d 323 (1975), and *People v. Nelson*, 189 Colo. 260, 539 P.2d 477 (1975), and we continue to adhere to those decisions.

## II.

Second, the appellant contends that since the evidence in *this case* established that marijuana is not a narcotic drug the state has failed to prove an essential element of the charge. It is further urged that the classification of marijuana as a narcotic drug unconstitutionally creates an irrebuttable presumption.

These arguments are merely a restatement in another form of the first issue raised by appellant. As we have pointed out, there is no question that the legislature may, within constitutional bounds, define the elements of a crime. The legislature has classified marijuana as a narcotic;

if the prosecution proves that the subject of the conspiracy was marijuana, that particular burden of proof is met. Once the classification of marijuana as a narcotic drug satisfies threshhold constitutional rationality, as we have held it does, *People v. McKenzie,* 169 Colo. 521, 458 P.2d 232 (1969); *People v. Stark,* 157 Colo. 59, 400 P.2d 923 (1965), the legislature is perfectly free to proscribe a conspiracy with intent to induce another to illegally possess that drug. Hence, it was not necessary for the prosecution to prove that marijuana is in fact a narcotic drug.

## III.

■ Lastly, the appellant contends that violation of C.R.S. 1963, 48-5-20 can never occur where the purchaser of marijuana, as in this case, is a police officer. Appellant notes that section 48-5-20(1)(a) requires, for a violation to occur, that the accused have the "intent to induce or aid another to unlawfully use or possess" the narcotic drug. Appellant reasons that because a police officer cannot be induced to unlawfully use or possess marijuana, a sale to a police officer can never be in violation of section 48-5-20(1)(a).

■ Section 48-5-20(1)(a), however, only requires that the accused have held the *intent* to induce such possession. Actual inducement is not a necessary element for a violation of the statute. Thus, the critical element to be proved is "intent"; such intent may exist whether or not the purchaser actually could be induced to illegally use the drug. Indeed, this Court disposed of this very contention in *People v. Gill,* 180 Colo. 382, 506 P.2d 134 (1973) where we noted that the fact that a defendant's intention was frustrated by facts unknown to him "does not change his intent or relieve him of criminal responsibility." 180 Colo. at 385, 506 P.2d at 136.

The judgment is affirmed.

MR. JUSTICE ERICKSON does not participate.