## No. 26276

## The People of the State of Colorado v. Lawrence Edward Saghy
(543 P.2d 1243)

Decided December 22, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Walter L. Gerash, P.C., Fischer and Kenison, Louis M. Fischer, for defendant-appellant.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

The appellant, Lawrence Edward Saghy, was convicted of conspiracy to sell a narcotic drug, specifically marijuana, with intent to induce another to illegally possess or use that drug in violation of C.R.S. 1963, 48-5-20(1)(a)(i). The appellant was tried jointly with his co-defendant, Thomas Joseph Parent, who has also appealed to this Court. The decisions in both cases are announced contemporaneously today since the factual circumstances are identical and the appellants allege grounds for reversal which, to some extent, overlap.

The appellant, Saghy, was sentenced to a term of 12-14 years at the State Penitentiary. Subsequently, his sentence was commuted by the then Governor of Colorado, John D. Vanderhoof, to minimum sentence of 2 years and 10 months, with the maximum to remain 14 years. Because of the Governor's action, appellant has withdrawn his contention that his original sentence constituted cruel and unusual punishment. The appellant contends that there remain five other grounds which require reversal. We affirm.

## I.

Two of the appellant's contentions are easily resolved. First, appellant argues that the statutory classification of marijuana as a narcotic drug is unconstitutional; second, that since the purchaser in this case was a police officer, a conviction for intent to induce another to illegally possess or use such drug cannot be obtained. We have discussed both of these contentions in *People v. Parent,* 190 Colo. 76, 543 P.2d 1241, announced today, and find them without merit.

## II.

Appellant also maintains that the prosecution evidence presented at trial was insufficient as a matter of law to sustain a conviction for conspiracy to sell with intent to induce illegal possession, and therefore, upon motion, a judgment of acquittal should have been entered. The test to be applied in ruling on a motion for judgment of acquittal is whether the evi-

dence, both direct and circumstantial, when viewed in the light most favorable to the prosecution is substantial and sufficient to support a conclusion by a reasonable mind that the defendant is guilty beyond a reasonable doubt. *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973).

The evidence at trial, when viewed most favorably for the prosecution, established that after various preliminary negotiations between an undercover agent and one Ricker for the purchase of a large quantity of marijuana, Ricker, at about 10:00 p.m. on the night in question, told the agent that the marijuana was not yet on the premises (Ricker's residence) but to return at 11:30 p.m. At about 11:05 p.m. Saghy and Parent arrived in a pickup truck, entered the house, returned to the truck a few minutes later, accompanied by Ricker, and carried an apparently heavy, white box with a red stripe into the house. When the undercover agent had been in the house earlier no such boxes were observed. Surveillance officers observed no other large packages being carried into the house. The defendant and his co-defendant then left the house. As they drove away both defendants acted concerned about any persons around them, checked their rear view mirrors, and were "looking around." At 11:30 p.m. the undercover agent returned to the premises and paid Ricker $9350 for about 85 pounds of marijuana, which was given to the agent in a white box with a red stripe. The box containing the marijuana looked like the one Saghy and Parent had brought to the house. Thereafter, Ricker was arrested and Saghy and Parent were later arrested at movie theater; Saghy had $2800 in cash in his possession. This money, however, was not part of the $9350 paid by the agent, since all of that money was recovered at Ricker's house. A vegetable substance which field tested as marijuana was found in the back of the pickup truck, owned by Parent.

We believe that this evidence was substantial enough to permit a jury to find the defendant guilty beyond a reasonable doubt. This is particularly true in view of our statement in *People v. Bennett, supra,* that "we now cast aside as outmoded and as confusing the requirement that the prosecution's evidence, when wholly circumstantial, must exclude every reasonable hypothesis other than that guilt . . . ." 183 Colo. at 131, 515 P.2d at 469.

### III.

Lastly, the appellant contends that evidence regarding the field test of the vegetable found in the trunk was improperly admitted. No objection was made to the direct examination which elicited this testimony from two different witnesses. Hence, this issue is not properly before this Court. *People v. Vigil,* 180 Colo. 104, 502 P.2d 418 (1972); *Lucero v. People,* 158 Colo. 568, 409 P.2d 278 (1965). The appellant also contends that the jury instructions and verdict form were erroneous. No objection was made at trial to either the jury instructions or verdict form, consequently the issue is not properly before us. *People v. Tilley,* 184 Colo.

424, 520 P.2d 1046 (1974); *People v. Bowen,* 182 Colo. 294, 512 P.2d 1157 (1973). Any possible errors that did occur in regard to the field test evidence, the jury instructions, and the verdict form do not constitute plain error under Crim.P. 52(b).

The judgment is affirmed.

MR. JUSTICE ERICKSON does not participate.