Gregory RAMIREZ, Petitioner,

v.

The PEOPLE of the State of
Colorado, Respondent.

No. 82SC253.

Supreme Court of Colorado,
En Banc.

June 4, 1984.

Rehearing Denied June 25, 1984.

David F. Vela, Colo. State Public Defender, Barbara S. Blackman, Deputy State Public Defender, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Daniel Dailey, Asst. Atty. Gen., Denver, for respondent.

DUBOFSKY, Justice.

We granted certiorari to review *People v. Ramirez*, 652 P.2d 1077 (Colo.App.1982) in which the Court of Appeals held that "taking a narcotic drug" and "taking from a pharmacy" are not elements of the offense of aggravated robbery of drugs. We disagree with the Court of Appeals' holding, but affirm the judgment because the Jefferson County District Court did not commit plain error affecting the defendant's substantial rights.

On August 28, 1978, the defendant and a companion entered the Wise Pharmacy in Lakewood, Colorado. The pharmacist on duty recognized the two men as the same men who had robbed the pharmacy of drugs and cash one month earlier on July 24, 1978, and triggered a silent alarm. In response to the defendant's demand, the pharmacist gave drugs and money to the two men. Meanwhile, Lakewood police officers responded to the alarm, observed the robbery in progress, and apprehended the two men as they left the pharmacy. The officers recovered the money and drugs taken from the pharmacy and a handgun that was exhibited during the robbery.

The defendant was charged with two counts of aggravated robbery of drugs (one count for the July robbery and one count for the one in August) under section 18–4–303, 8 C.R.S. (1978), one count of violent crime (use of a handgun during the August 28 robbery) under section 16–11–309, 8 C.R.S. (1978), and four habitual criminal counts under section 16–13–101, 8 C.R.S. (1978). The jury found the defendant guilty of both aggravated robbery counts, and found by a special verdict form that the defendant had taken narcotic drugs from a pharmacy. The jury also returned a guilty verdict on the violent crime count and subsequently returned guilty verdicts on the four habitual criminal counts. The district court sentenced the defendant to concurrent terms of twenty to thirty years for aggravated robbery of drugs and to a life term as an habitual criminal. The Court of Appeals affirmed the convictions.

The issues before us are whether the district court committed plain error by not including "taking a narcotic drug" and "taking from a pharmacy" as elements in the definitional jury instruction, and whether two of the defendant's prior felony convictions are constitutionally invalid. We conclude that there was no plain error in the jury instructions and affirm the habitual criminal sentence.

I.

The defendant was charged with violations of section 18–4–303, 8 C.R.S. (1978), which at the time of the offense provided:

A person who takes any narcotic drug from any pharmacy or other place having lawful possession thereof under the aggravating circumstances defined in section 18–4–302 is guilty of aggravated robbery of drugs.

The district court listed the "aggravating circumstances defined in section 18–4–302" in a separate instruction.[1] The instruction

---

1. Section 18–4–302, 8 C.R.S. (1978) proscribes aggravated robbery.

began: "A person commits the crime of aggravated robbery if:", then listed the elements,[2] and concluded by instructing the jury that if it found that all of these elements were established beyond a reasonable doubt, it should find the defendant guilty of aggravated robbery. The verdict forms for both counts of aggravated robbery of drugs contained this language:

> We, the jury, find the Defendant ... GUILTY of ... Aggravated Robbery and further find:
>
> One of the things of value taken was a narcotic drug or drugs from any pharmacy or the place having lawful possession thereof.
>
> [ ] Yes
> [ ] No.
>
> _____
>
> Foreman

The jury checked the box marked yes on both verdict forms, and the foreman signed both forms to indicate guilty verdicts.

The defendant asserts that the district court should have included the elements contained on the verdict forms with the list of circumstances required for a finding of aggravated robbery so that all of the elements of aggravated robbery of drugs could be found in a single instruction. He claims prejudice because the instructions utilized do not clearly state that the taking of drugs from a pharmacy must be established beyond a reasonable doubt.[3]

The Court of Appeals resolved the issue by holding that the factual determination that drugs have been taken from a pharmacy is not an element of an offense. Instead, the Court of Appeals ruled that section 18–4–303 is merely a punishment enhancement statute, not a separate offense. The People have conceded that the Court of Appeals' ruling is incorrect. In *People v. Lake*, 195 Colo. 454, 580 P.2d 788 (1978), this court discussed the separate offense of aggravated robbery of drugs and stated: "An essential element of this crime is proof that the drug taken is ... a narcotic drug [which] must be proven beyond a reasonable doubt." 580 P.2d at 790.

Our disagreement with the Court of Appeals, however, does not mandate a reversal of this case. The defendant failed to preserve this error by contemporaneous objection at trial or in his motion for a new trial and, therefore, our inquiry is limited to whether the jury instructions utilized amount to plain error. Crim.P. 30, 33(a), and 52(b); *People v. Weller*, 679 P.2d 1077 (Colo.1984); *People v. Saghy*, 190 Colo. 79, 543 P.2d 1243 (1975).[4] Each case in which it is alleged that plain error has been committed must be resolved in light of its particular facts and the law that applies to those facts. *People v. Peterson*, 656 P.2d 1301 (Colo.1983); *People v. Mills*, 192 Colo. 260, 557 P.2d 1192 (1976). To qualify as plain error, there must be a reasonable possibility that the alleged erroneous instruction contributed to the defendant's conviction. *People v. Weller*, 679 P.2d 1077; *People v. Dillon*, 655 P.2d 841 (Colo. 1982); *People v. Aragon*, 186 Colo. 91, 525 P.2d 1134 (1974).

Failure to properly instruct the jury with respect to an essential element of the crime charged constitutes plain error. *People v. Mattas*, 645 P.2d 254 (Colo.1982); *People v. Hardin*, 199 Colo. 229, 607 P.2d 1291 (1980). The instructions in this case

---

2. The elements listed were:
   [1] Taking anything of value
   [2] From the person or presence of another
   [3] By the use of force, threats or intimidation, and,
   [4] During the act of robbery or immediate flight therefrom the defendant is armed with a deadly weapon and knowingly puts the person robbed or any other person in reasonable fear of death or bodily injury by the use of force, threats, or intimidation with a deadly weapon.

3. Aggravated robbery of drugs is a class 2 felony, section 18–4–303(2), 8 C.R.S. (1978); aggravated robbery is a class 3 felony, section 18–4–302(3), 8 C.R.S. (1978).

4. The defendant objected to the form of the instructions because it allegedly allowed the jury to find the defendant guilty of a lesser included offense without requiring that the jury find the defendant not guilty of the greater offense before considering the lesser offense. This is not the issue before us.

defined "narcotic drugs" and "pharmacy" and contained the information charging the defendant with taking narcotic drugs from a pharmacy. The verdict form indicates that the jury found that the elements "taking a narcotic drug" and "taking from a pharmacy" were established by the People. The defendant's argument, however, is that the jury was not instructed on what burden of proof to apply to the elements listed on the special verdict form.

Jury instructions must define all the elements of an offense so that the jury may decide whether they have been established beyond a reasonable doubt. *People v. Mattas*, 645 P.2d 254; *People v. Hardin*, 607 P.2d 1291. While it would have been sounder judicial practice to include all the elements of the offense in one instruction, we conclude after examining the instructions as a whole and the particular facts of this case that the district court committed no plain error. First, the instructions stated that all the elements of the crime had to be established beyond a reasonable doubt and that the defendant's guilt had to be established beyond a reasonable doubt. No other burden of proof was explained to the jury. Second, the evidence establishing that the defendant took drugs from a pharmacy was uncontroverted.[5] *See People v. Hunter*, 666 P.2d 570, 572 (Colo.1983). Therefore, there is no reasonable possibility that the allegedly erroneous instructions contributed to the defendant's conviction.

## II.

The defendant also asserts that his habitual criminal sentence was improper because the guilty pleas that were the basis of two of his previous felonies were constitutionally invalid.

Under Colorado's habitual criminal statute, section 16–13–101(2), 8 C.R.S. (1983 Supp.), a person convicted of a felony who has been convicted of three previous felonies shall be imprisoned for life.[6] The defendant has been convicted of four previous felonies and, therefore, we must affirm the habitual criminal sentence if one of the two contested guilty pleas was valid. *People v. Bergstrom*, 190 Colo. 105, 544 P.2d 396 (1975). The defendant contests his 1965 guilty plea to conspiracy to commit aggravated robbery and his 1974 guilty plea to attempted possession of narcotic drugs. We conclude that the 1974 plea was constitutionally valid.[7]

In *People v. Leonard*, 673 P.2d 37 (Colo. 1983), this court examined the requirements for a valid guilty plea. We noted that due process of law requires that a guilty plea be voluntarily and understandingly made and that the defendant be apprised of "the true nature of the charge against him." *Id.* at 39 (quoting *Henderson v. Morgan*, 426 U.S. 637, 645, 96 S.Ct. 2253, 2257, 49 L.Ed.2d 108 (1976)). We also indicated that the degree of explanation by the court depends on the nature and complexity of the crime. Rule 11 of the Colorado Rules of Criminal Procedure requires the court to determine that a defendant "understands the nature of the charge and the elements of the offense to which he is pleading."

The record demonstrates that the defendant understood the nature of the

---

**5.** The only testimony offered by the defendant was that of a police officer whose version of the facts assigned the defendant and the co-defendant different roles during portions of the robbery than had been testified to by the pharmacist and another officer.

**6.** At the time of the offense, section 16–13–101(2) provided:

Every person convicted in this state of any felony, who has been three times previously convicted, upon charges separately brought and tried, either in this state or elsewhere, of a felony or, under the laws of any other state, the United States, or any territory subject to the jurisdiction of the United States, of a

crime which, if committed within this state, would be a felony, shall be adjudged an habitual criminal and shall be punished by imprisonment in the state penitentiary for the term of his or her natural life. Such former conviction or convictions and judgment or judgments shall be set forth in apt words in the indictment or information....

§ 16–13–101(2), 8 C.R.S. (1978).

**7.** We do not address the validity of the 1965 plea because the defendant's habitual criminal conviction under section 16–13–101(2), 8 C.R.S. (1978) requires only three previous valid felony convictions.

crime of attempted possession of narcotic drugs and the critical elements of that offense.[8]  Criminal attempt is not a crime that is readily understandable to a person of ordinary intelligence without some further explanation by the court, but at the providency hearing the court explained that an attempt is "conduct constituting a substantial step towards the commission of the crime."  The defendant also admitted at the providency hearing that he unlawfully possessed heroin and that he was pleading guilty to the lesser charge of attempted possession of narcotic drugs for the purpose of plea negotiation.  The Court of Appeals correctly upheld the 1974 guilty plea.

Judgment affirmed.

---

**8.** In 1974, the statute defining the substantive offense provided in part:

It shall be unlawful for any person to ... possess ... any narcotic drug....

§ 48–5–2, 3 C.R.S.1963.

The criminal attempt statute provided:

A person commits criminal attempt if, acting with the kind of culpability otherwise required for commission of an offense, he intentionally engages in conduct constituting a substantial step toward commission of the offense.  A substantial step is any conduct, whether act, omission, or possession which is strongly corroborative of the firmness of the actor's intent to complete the commission of the offense.  Factual or legal impossibility of committing the offense is not a defense if the offense could have been committed had the attendant circumstances been as the actor believed them to be, nor is it a defense that the crime attempted was actually perpetrated by the accused.

Ch. 121, sec. 1, § 40–2–101(1), 1971 Colo.Sess. Laws 388, 414.