The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Cecil Alvin LOWE, Defendant-Appellant.

No. 83SA388.

Supreme Court of Colorado,
En Banc.

Sept. 17, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard Forman, Sol. Gen., Virginia Byrnes, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Normando R. Pacheco, Denver, for defendant-appellant.

PER CURIAM.

The defendant, Cecil Alvin Lowe, has appealed his conviction for driving while under the influence of intoxicating liquor. Section 42–4–1202(1)(a), 17 C.R.S. (1973). He was fined $150 and sentenced to thirty days in jail. We affirm.

I.

The defendant was seen driving erratically in his pickup truck before he collided with a Cadillac. The police officer who had witnessed the defendant's erratic driving administered a roadside sobriety test after encountering defendant and noticing his bloodshot eyes, slurred speech, and an odor of alcohol on his breath. The officer did not give the defendant a *Miranda* warning. The defendant's failure of the roadside sobriety test resulted in his arrest. He was thereafter tested with an intoxilyzer and was found to have a blood alcohol content of .150%.

On appeal the defendant asserts that the failure to provide the procedural

safeguards dictated by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), requires suppression of the roadside sobriety test. In *People v. Ramirez,* 199 Colo. 367, 609 P.2d 616 (1980), we held that evidence obtained from a roadside sobriety test is not testimonial in nature and does not implicate the privilege against self-incrimination. *Miranda* warnings are therefore not required before the administration of such tests. *People v. Helm,* 633 P.2d 1071, 1077 (Colo.1981).

■ The defendant in this case was legitimately stopped and detained based upon the police officer's observations of his erratic driving and his physical demeanor after the stop. Since the defendant voluntarily consented to performing the roadside sobriety tests, which subsequently provided reasonable grounds to believe that he was driving while intoxicated, the claim that the test results should be suppressed from evidence is without merit. *See* section 42–4–1202(3)(b), 17 C.R.S. (1983 Supp.); *People v. Helm,* 633 P.2d at 1077–1078.

### II.

The defendant, as a second ground for reversal, claims that the foundation laid for the admission of the intoxilyzer test was insufficient. During the trial, the defendant stated that he had no objection to the admission of the intoxilizer test results into evidence. After the intoxilizer test results were admitted, however, the defendant claimed that the foundation for the certification of the intoxilizer machine was insufficient.

■ Having assented to the admission of the test results, the defendant is precluded from subsequently challenging the foundation for their admission. C.R.E. 103(a)(1); *Squyres v. Hilliary,* 599 F.2d 918, 920 (10th Cir.1979). Our review of this issue is restricted by the "plain error" principles of Crim.P. 52(b). Applying the plain error standard of review, we conclude that any defects in the intoxilyzer test's foundation did not substantially affect the rights of the defendant. *Ramirez v. People,* 682 P.2d 1181 (Colo.1984); *People v.*

*Aragon,* 186 Colo. 91, 525 P.2d 1134 (1974); *People v. Barker,* 180 Colo. 28, 501 P.2d 1041 (1972). *See also California v. Trombetta,* —— U.S. ——, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984).

Since plain error did not occur, we affirm.