The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Margaret HALL, Defendant-Appellant.

No. 84CA1019.

Colorado Court of Appeals,
Div. II.

May 29, 1986.

Rehearing Denied June 26, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Milton Hutchins, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Claire Levy, Deputy State Public Defender, Denver, for defendant-appellant.

SILVERSTEIN *, Judge.

Defendant, Margaret Hall, was found guilty by a jury of vehicular assault while driving under the influence of a drug or intoxicant and while driving recklessly, and of driving while under the influence of alcohol. She appeals only the judgment of conviction of vehicular assault based on that verdict. We affirm.

I.

Defendant contends that the instruction defining vehicular assault while driving under the influence omitted the requirement that defendant's conduct must have been the proximate cause of the victim's injuries. The record does not support this contention.

In its instruction defining the crime of vehicular assault, the court gave *COLJI–Crim.* No. 10:14 (1983) which provides, as pertinent here, that the elements of that offense are: "That the defendant ... drove a motor vehicle ... while under the influence of any drug or intoxicant, and this conduct was the proximate cause of serious bodily injury to another person." The in-

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl. Vol. 10).

struction further provided that in order to find defendant guilty the jury had to find that the prosecution had proven every element beyond a reasonable doubt. The court further gave the jury a proper definition of "proximate cause." *See COLJI–Crim.* No. 9:10 Definitions: 9(3) (1983).

Since vehicular assault while driving under the influence is a strict liability crime, § 18–3–205(1)(b)(I), C.R.S. (1985 Cum. Supp.), the court gave the strict liability instruction, *COLJI–Crim.* No. 6:02 (1983). The defendant contends that by giving this instruction, the court negated the obligation of the prosecution to prove proximate cause. This contention is without merit. That instruction merely provides that "although the prosecution must show that the act was voluntary, it need not show that the defendant intended to commit the crime."

The instructions, when considered in their entirety, establish that the jury was properly instructed on the obligation to prove proximate cause beyond a reasonable doubt. *See Ramirez v. People,* 682 P.2d 1181 (Colo.1984). The instruction tendered by defendant in lieu of the strict liability instruction, and refused by the trial court, was properly refused. *See People v. Freeman,* 668 P.2d 1371 (Colo.1983). We find no error in the conviction of vehicular assault while driving under the influence of an intoxicant.

### II.

■ Defendant also asserts that the trial court gave an erroneous instruction to the jury in a response to a request by the jury for a definition of "reckless." We find the error, if any, harmless beyond a reasonable doubt.

Defendant was charged with vehicular assault while driving recklessly *or* while under the influence. Although the jury found her guilty of both driving recklessly *and* while under the influence, she was guilty of only one offense. Since her conviction on the ground of driving under the influence was proper and not tainted with error, a finding of either guilt or innocence based on reckless driving would not affect the validity of the conviction.

In applying the harmless error rule, a reviewing court must assess the error in light of the facts of the case to determine whether the error affected the outcome of the case. *See Graham v. People,* 705 P.2d 505 (Colo.1985).

The finding of guilty on the issue of driving under the influence rendered a determination on the issue of reckless driving moot, and no substantive rights of the defendant were affected. Hence, any error in an instruction relating solely to reckless driving was harmless. *People v. DeHerrera,* 697 P.2d 734 (Colo.1985).

The judgment is affirmed.

SMITH and VAN CISE, JJ., concur.