## No. 24241.

### I. R. *v.* PEOPLE OF THE STATE OF COLORADO.
(464 P.2d 296)

Decided January 26, 1970.

Dawson, Nagel, Sherman & Howard, Michael A. Williams, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, George E. DeRoos, Assistant, James D. McKevitt, District Attorney, Second Judicial District, Gregory A. Mueller, Assistant, Edward A. Simons, Deputy, for defendant in error.

*En Banc.*

Mr. Chief Justice McWilliams delivered the opinion of the Court.

This writ of error presents a question of law which was declared by the trial judge to be as follows: "Does the Juvenile Court have jurisdiction over a petition in delinquency alleging vehicular homicide or is it excluded by the Children's Code as a 'traffic offense'?" The trial judge held that the Juvenile Court did not have jurisdiction of such a petition in delinquency and entered an order dismissing the petition. We disagree.

Although the district attorney in the first instance apparently caused the filing in the Juvenile Court of the petition here under consideration, and though he thereafter again recognized the original jurisdiction, at least, of the Juvenile Court by filing a "Motion to Transfer and Remand Respondent to District Court" under 1967 Perm. Supp. C.R.S. 1963, 22-1-4 (4) (a) of the Children's Code, he contends here however that the trial

judge was correct in dismissing *sua sponte* the petition. In this regard the position taken by the trial judge was that vehicular homicide (1965 Perm. Supp C.R.S. 1963, 13-5-155) should be deemed and considered a violation of a state "traffic law" as such phrase is used in the Children's Code, and that being a traffic offense it is excluded from the jurisdiction of the Juvenile Court by a specific provision in the Children's Code.

The principal argument advanced in support of the contention that vehicular homicide is a traffic offense is that in enacting the vehicular homicide statute in 1965 the General Assembly evidenced its legislative intent when it placed the vehicular homicide statute in Chapter 13 of the Colorado Revised Statutes, which Chapter relates to "Automobiles and Other Motor Vehicles." Hence, it is argued, vehicular homicide must be deemed a violation of a state traffic law. In our view, however, the particular legislative intent with which we are here concerned is the legislative intent of the Children's Code enacted in 1967, and not any legislative intent behind the earlier enactment of the vehicular homicide statute. Hence, resolution of the present controversy can only be obtained by reference to the Children's Code itself.

The Children's Code provides that the Juvenile Court has exclusive original jurisdiction in proceedings concerning any delinquent child, which proceeding is to be distinguished from a true criminal proceeding. 22-1-4(1)(a). A delinquent child, insofar as is pertinent to the present controversy, is defined as one under eighteen, but over ten, who violates a state law, excepting state traffic laws. 22-1-3(17). Hence, one under eighteen who violates a traffic law is under the definitions of the Children's Code *not* a delinquent child and is therefore *not* subject to the original exclusive jurisdiction of the Juvenile Court in delinquency proceedings and may be directly prosecuted for a violation of a state traffic law.

It is true that the Children's Code does not in so many words define the phrase "traffic law." However, our

study of the Code convinces us that it was not the intent of the legislature that the exception relating to those who violate traffic laws be construed so as to include one who by his use of a motor vehicle commits a homicide. In this regard it should be noted that vehicular homicide is a felony and carries with it punishment of from one to fourteen years in the state penitentiary. And as concerns felonies, 22-1-4(4)(b) of the Children's Code provides that a child can only be charged with a felony in the manner permitted by 22-1-4(4)(a) of the Code. And the latter section provides that only under certain narrowly described circumstances may the Juvenile Court in a delinquency proceeding "enter an order certifying the child to be held for criminal proceedings in the district court."

 Certainly, then, the spirit and intent of the Children's Code is to limit and restrict the institution of felony charges in a criminal proceeding against one under eighteen years of age. We would not subvert this legislative intent by authorizing the filing of a felony charge for vehicular homicide against one between the ages of sixteen and eighteen on the basis that vehicular homicide is only a violation of a traffic law and therefore excluded from the jurisdiction of the juvenile Court. Accordingly, we hold that vehicular homicide is not a violation, as such, of a traffic law as that phrase is used in the Children's Code, but is a form of homicide, constituting a felony when committed by an adult. We deem our holding to be in accord with the rationale of *People v. District Court*, 164 Colo. 530, 436 P.2d 672, and *People v. District Court*, 164 Colo. 437, 435 P.2d 763.

The judgment of the trial court dismissing the petition in delinquency is therefore reversed. The cause is remanded with direction that the petition in delinquency be reinstated for further proceedings consonant with the views herein expressed.