Mr. Justice Pringle
delivered the opinion of the Court.
P. L. V., the Respondent-Appellee here, was charged with being a delinquent child. He filed a pre-trial motion to suppress as evidence certain statements made by him to police officers following his arrest on suspicion of burglary. The motion to suppress was granted, and the district attorney brings this interlocutory appeal from that order.
We find it unnecessary to consider the contention of error raised by the Petitioner-Appellant since, in our opinion, an interlocutory appeal is not available to either the state or the respondent in a delinquency proceeding under the Colorado Children’s Code, 1967 Perm. Supp. C.R.S. 1963, 22-1-1 et seq.
This court has on previous occasions stressed the distinction between a criminal proceeding and a proceeding in delinquency. I. R. v. People, 171 Colo. 54, 464 P.2d 296; People v. District Court, 164 Colo. 530, 436 P.2d 672; People v. District Court, 164 Colo. 437, 435 P.2d 763. While similar constitutional and procedural safeguards are frequently provided for the accused in both proceedings, this does not erase the grounds for distinguishing between them.
C.A.R. 4.1 is entitled “Interlocutory Appeals in Criminal Cases.” (Emphasis added.) The rule cannot be stretched to permit an interlocutory appeal in a delinquency proceeding without doing violence to the distinction carefully drawn by this court in former cases. We would point out that our decision today in no way precludes an appeal to this court after trial. What we hold here is that there is no right to an interlocutory appeal in juvenile delinquency cases under the appellate rules as they now read.
The appeal is dismissed.