506 P.2d 409 (1973)
In re the PEOPLE of the State of Colorado, Petitioner-Appellee,
In the Interest of B. M. C., a child, Respondent-Appellant, and concerning M. C. and C. C.
No. 71-431.
Colorado Court of Appeals, Div. I.
February 14, 1973.
Jarvis W. Seccombe, Dist. Atty., Frederic B. Rodgers, Deputy Dist. Atty., Denver, for petitioner-appellee.
Rollie R. Rogers, Public Defender, Ruth Gartland, Deputy Public Defender, Denver, for respondent-appellant.
Selected for Official Publication.
*410 SMITH, Judge.
B.M.C. seeks reversal of a judgment, entered after an adjudicatory hearing, which declared him to be a delinquent child.
On Saturday, November 21, 1970, at approximately 12:15 A.M., police officers observed three young men walking along a downtown Denver street. The officers stopped the men and asked for identification. Two of them, one being the minorappellant, had no identification and were under the age of eighteen years. The officers took appellant and the other minor into custody for violation of the Denver curfew ordinance, Denver Revised Municipal Code 813.1, which reads in pertinent part as follows:
"It shall be unlawful for any child under the age of eighteen (18) years to be or remain upon any street, alley or to remain or be in any establishment open to the public generally after the hour of 10:30 p. m. or prior to the hour of 5:00 a. m.,. . . provided, that on Friday and Saturday nights, the curfew hour for children under eighteen (18) years shall be extended to the hour of 11:30 p. m."
Appellant was then taken to the Delinquency Control Division of the Denver Police Department at 13th and Champa Streets. There the officers conducted a search of his clothing and found a small quantity of hashish, a refined form of marijuana. The officers contacted appellant's parents, to whom he was released upon their arrival at the police station. No charges were filed at that time.
More than three months later, on March 3, 1971, a delinquency petition was filed. The petition made no mention of the curfew violation but alleged that appellant had violated C.R.S.1963, 48-5-2, by having in his possession a derivative of cannabis sativa L (hashish). Such violation, it was urged, required that B.M.C. should be adjudicated a delinquent. Defendant subsequently filed a motion to suppress the drugs seized claiming that the search of his clothing at the police station was unlawful. After a hearing, the court denied appellant's motion. The matter came on for trial to the court on June 11, 1971. The court found that B.M.C. had violated C.R.S.1963, 48-5-2, sustained the petition, and adjudicated him a delinquent child. B.M.C. appeals from this adjudication asserting that the court erred in not granting his motion to suppress.

I.
Appellant asserts that the search was unlawful because the "arrest" pursuant to which it was made was unlawful. The Colorado Children's Code provides that a child may be taken into temporary custody without order of the court:
"When there are reasonable grounds to believe that he has committed an act which would be a felony, misdemeanor, or municipal ordinance violation if committed by an adult, except that game, fish, parks, and traffic violations shall be handled as otherwise provided by law; [1969 Perm.Supp., C.R.S.1963, 22-2-1(1) (c)]
"When he is abandoned, lost, or seriously endangered in his surroundings or seriously endangers others, and immediate removal appears to be necessary for his protection or the protection of others; or
"When there are reasonable grounds to believe that he has run away or escaped from his parents, guardian, or legal custodian." 1967 Perm.Supp., C.R.S.1963, 22-2-1(1)(d) and (e).
B.M.C. contends that the curfew ordinance, supra, can be violated only by a child and that the phrase "if committed by an adult" in the statute precludes his "arrest" for a curfew violation. We disagree.
The statute must be read and construed as part of the entire Children's Code, 1967 Perm.Supp., C.R.S.1963, 22-1-1 et seq. One of the underlying purposes of the Code is to create a distinction between adults and children who violate the law. A child who violates the law may be adjudicated a delinquent child and thus become subject to correction by the state; however, he is not subject to the specific penalties imposed upon adult offenders. So that a child might *411 not be labeled a criminal, it is necessary to define the offenses for which he might be adjudicated delinquent in terms other than as crimes.
Careful study of the Children's Code demonstrates that the use of phraseology, such as "acts which if committed by an adult," was intended to define, by analogy, a general type of conduct for which a child might be taken into custody and for which he might be adjudicated a delinquent. Viewed from this perspective, the phrase relied upon by respondent does not create a limitation on the power of the state, but merely establishes a general category of behavior for which children may be adjudicated delinquent. This intent is further evidenced by the fact that children may be taken into custody for conduct which is not expressly prohibited by statute but which requires the state's intervention in the interest of the child or society. See 1967 Perm.Supp., C.R.S.1963, 22-2-1(1) (d) and (e), supra. Thus, a child may be taken into temporary custody pursuant to 1969 Perm.Supp., C.R.S.1963, 22-2-1(1) (c), if he violates a statute or ordinance which makes specific behavior by children unlawful, even though such behavior if committed by an adult is not unlawful. We hold that the exercise of temporary custody over B.M.C. and his subsequent release to his parents was lawful and proper.

II.
Appellant next argues that 1967 Perm.Supp., C.R.S.1963, 22-2-2(3) (a) prohibits the search of juveniles taken into temporary custody under the Children's Code. We do not agree. That section reads as follows:
"A child shall not be detained by law enforcement officials any longer than is reasonably necessary to obtain his name, age, residence, and other necessary information and to contact his parents, guardian, or legal custodian."
B.M.C. would have us hold that because this section does not expressly authorize the search of a child, any search would be violative of the child's Fourth Amendment rights. We disagree. The purposes of the entire article of which this section is a part, are to insure initially, that children taken into temporary custody are promptly brought before the court or released to their parents and, secondly, that they are not stigmatized as criminals.
A search properly conducted in accordance with the safeguards arising out of the Fourth Amendment to the Constitution of the United States is not, however, inconsistent with these provisions of the Children's Code. The same tests apply to the search of a child as of an adult, with the exception that certain searches of children require additional safeguards. For example, "a search by consent" of a child requires that a parent, guardian or legal custodian must freely and intelligently consent to the search. People v. Reyes, Colo., 483 P.2d 1342. A child who is the subject of a petition for adjudication as a delinquent is entitled to the constitutional protections afforded an adult defendant in a criminal case. People in Interest of P.L.V., Colo., 490 P.2d 685. B.M.C.'s protection from an unauthorized search does not arise from the silence of the statute, as B.M.C. argues, but from the constitutional guarantee against unreasonable searches and seizures. Therefore, the right of the police to conduct a search does not depend on express legislative authorization.

III.
B.M.C. contends that the search conducted at police headquarters, although incident to a lawful "arrest," was unreasonable because of its general exploratory nature. We agree. Even though the taking of B.M.C. into temporary custody was not an arrest, 1967 Perm.Supp., C.R.S.1963, 22-2-1(3), it was a detention for an unlawful act. Since B.M.C. has the same constitutional protections as his adult counterpart, the validity of the search must be measured by the same standards.
The people argue that the warrantless search was justified as an inventory search *412 or alternatively as a search incident to the lawful taking of B.M.C. into temporary custody. The District Attorney relies on Baca v. People, 160 Colo. 477, 418 P.2d 182, which approved inventory searches. However, in that case the search was authorized and reasonable, not because of the arrest, but rather as a necessary protective procedure prior to the incarceration of the defendant. The holding in Baca, supra, is not applicable to the present facts where B.M.C. was detained only until he could be released to his parents. In the instant case, there was never any intention that B.M.C. be incarcerated. The search conducted was not therefore an inventory search, but an exploratory search conducted for the purpose of discovering whether appellant had violated any law in addition to the curfew ordinance.
In determining whether the search may be justified as incident to the lawful taking of B.M.C. into temporary custody, we refer to the standards for such searches as enunciated by our Supreme Court:
"The decisions have not been altogether harmonious, but throughout all the cases and all the learned treatises on the subject runs the dominant theme that the search, whether under a valid search warrant or whether as incident to a lawfull arrest, must be one in which the officers are looking for specific articles and must be conducted in a manner reasonably calculated to uncover such articles. Any search more extensive than this constitutes a general exploratory search and is squarely within the interdiction of the constitutional guarantee against unreasonable search and seizure.. . . It was against just such exploratory searches that the Fourth Amendment was specifically directed. On the other hand, it appears from the authorities that if an officer is conducting a search, either under a valid search warrant or incident to a valid arrest where the search is such as is reasonably designed to uncover the articles for which he is looking and in the course of such search discovers contraband or articles the possession of which is a crime, other than those for which he was originally searching, he is not required to shut his eyes and refrain from seizing that material under the penalty that if he does seize it it cannot be admitted in evidence." Hernandez v. People, 153 Colo. 316, 385 P.2d 996.
In the present case, the record discloses that the search in question was not one conducted at the time and place of arrest for the purpose of insuring that B.M.C. was not armed with a weapon by which he could injure the officers or effect an escape. See People v. Navran, Colo., 483 P.2d 228, applying Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889; and Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685. Since we have held that it was not an inventory search pursuant to Baca, supra, it must be concluded that the sole purpose of the search at issue was to obtain evidence.
However, the only evidence necessary to support a finding that B.M.C. had violated the curfew ordinance would be that which would establish his age and his presence on the street after a certain hour. Proof of the offense by these elements did not require evidence which could have been obtained from a personal search of B.M.C.
The scope of a warrantless evidentiary search incident to an arrest is limited to evidence related to the offense for which the arrest was made. See Cowdin v. People, Colo., 491 P.2d 569. The search of B.M.C. was beyond the scope of the curfew offense for which he was taken into custody and cannot be justified as properly conducted incident to the taking of B.M.C. into temporary custody. The search was a general exploratory search in violation of B.M.C.'s constitutional rights. Hernandez v. People, supra.

IV.
The remaining question is whether the evidence obtained as a result of a violation of B.M.C.'s constitutional rights should have been suppressed at the adjudicatory *413 hearing. Since a child subject to delinquency adjudication is entitled to the same constitutional safeguards as an adult accused of a crime, the evidence obtained as the result of the unlawful search should have been suppressed. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081. Gonzalez v. People, 156 Colo. 252, 398 P.2d 236. The failure to exclude such evidence was reversible error.
Judgment reversed and order adjudicating B.M.C. a delinquent set aside.
COYTE and DWYER, JJ., concur.