## No. C-975

## The People of the State of Colorado v. David Alfonso Maynes

(562 P.2d 756)

Decided April 18, 1977.

Durant Davidson, District Attorney, Randy L. Williams, Deputy, David L. Quicksall, Deputy, for petitioner.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Robert M. Elliott, Deputy, for respondent.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

We granted certiorari to review the judgment of Otero County District Court affirming respondent's acquittal by Otero County court of failure to report an accident. We disapprove the district court judgment.

The stipulated facts show that on August 7, 1975, a one-vehicle accident occurred on Colorado Highway 71 in Otero County. While investigating the accident the next day, Officer Archie R. Campbell of the Colorado State Patrol spoke with respondent David A. Maynes, a minor, at the Rocky Ford Police Department. At the time of the accident, respondent was sixteen years of age and was licensed to operate a motor vehicle in the State of Colorado. Before asking respondent any questions, Officer Campbell advised him of his constitutional rights, as required by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974. Respondent voluntarily waived his rights and agreed to answer questions. Respondent then admitted that he had been driving the vehicle involved in the accident, was aware of the accident, and had intentionally failed to report it. Respondent's parents were not present at any time during this questioning.

Respondent was subsequently charged with reckless driving, section 42-4-1203, C.R.S. 1973,[1] and failure to report an accident, section 42-4-1406, C.R.S. 1973.[2] At trial, respondent objected to the introduction of his statement to Officer Campbell on the grounds that it was taken in violation of section 19-2-102(3)(c)(I), C.R.S. 1973. The county court admitted the statement over respondent's objection. Respondent was found guilty of failing to report an accident and acquitted of reckless driving.

Respondent then filed a motion for new trial, based solely on the admission of his incriminating statement. After a hearing, the county court held that respondent's statement was illegally obtained and therefore inadmissible, and ordered a new trial.

At the second trial in the county court, respondent and the People stipulated that the evidence would be the same as presented at the first trial. The county court sustained respondent's objection to the admission of his statement and granted his motion for acquittal. The district court affirmed and this review followed.

■ Section 19-2-102(3)(c)(I), C.R.S. 1973, provides:
"No statements or admissions of a child made as a result of interrogation concerning acts alleged to have been committed by the child which would constitute a crime if committed by an adult shall be admissible in evidence against that child unless a parent, guardian or legal custodian of the child was present at such interrogation and the child and his parent, guardian, or legal custodian were advised of the child's right to remain silent, that

---

[1] Now section 42-4-1203, C.R.S. 1973 (1976 Supp.).
[2] Now section 42-4-1406, C.R.S. 1973 (1976 Supp.).

any statements made may be used against him in a court of law, the right of the presence of an attorney during such interrogation, and the right to have counsel appointed if so requested at the time of the interrogation; except that, if a public defender or counsel representing the child is present at such interrogation, such statements or admissions may be admissible in evidence even though the child's parent, guardian, or legal custodian was not present."

The People concede that no parent, guardian, legal custodian, public defender or counsel was present when the challenged statement was obtained. We are thus faced squarely with the question of whether section 19-2-102(3)(c)(I) applies to interrogation concerning traffic offenses. We hold that it does not, for the following reasons.

Although not expressly so limited, it is clear that section 19-2-102(3)(c)(I) concerns questioning of a child while in temporary custody or under detention. The bulk of section 19-2-102 refers expressly to temporary custody or detention. Subsection (1), requiring prompt notification to the parent, guardian or legal custodian of a child taken into temporary custody, dovetails with the requirement of subsection (3)(c)(I) that a parent, guardian or legal custodian be present during interrogation. Read in context, the limitations of section 19-2-102(3)(c)(I) apply only when a child is in temporary custody or under detention, as those terms are used in the Children's Code.

There is no claim that respondent was under detention, as defined by sections 19-2-102(3)(b), 19-2-102(4) and 19-2-103, C.R.S. 1973. Nor was respondent in temporary custody, as defined by section 19-2-101(1), C.R.S. 1973. That section provides that a child may be taken into temporary custody without court order

"(a) When there are reasonable grounds to believe that he has committed an act which would be a felony, misdemeanor, or municipal ordinance violation if committed by an adult, *except that* wildlife, parks, outdoor recreation, and *traffic violations shall be handled as otherwise provided by law.*" (Emphasis added.)

Thus, it is clear that the requirements of section 19-2-102(3)(c)(I) were not intended to apply to traffic offenses.

This conclusion comports with the general intent of the Children's Code that traffic offenses be handled outside the juvenile system. Section 19-1-104(1)(a), C.R.S. 1973, limits the exclusive jurisdiction of the juvenile court to proceedings concerning any "delinquent child." Sections 19-1-103(9)(a)(I) and (II), C.R.S. 1973, define "delinquent child" as any child, ten years of age or older, who has violated "[a]ny federal or state law, *except state traffic * * * laws or regulations*" or "[a]ny municipal ordinance *except traffic ordinances*" (emphasis added). Although section 19-1-103(9)(c), C.R.S. 1973, gives the juvenile court jurisdiction over a traffic offender under sixteen years of age whose case has been

114

transferred from county court, this provision obviously does not apply to respondent, who was sixteen years old and the holder of a valid Colorado driver's license. Section 42-2-103(1), C.R.S. 1973. *See I. R. v. People*, 171 Colo. 54, 464 P.2d 296.

At first blush, it might appear that the limitations of section 19-2-102(3)(c)(I) would apply to interrogations relating to any offenses for which a minor might be arrested or detained. However, in *People, Int. of B. M. C.*, 32 Colo.App. 79, 506 P.2d 409, it was held that the language "acts which if committed by an adult," which appears almost verbatim in section 19-2-102(3)(c)(I), "was intended to define, by analogy, a general type of conduct for which a child might be taken into custody and for which he might be adjudicated a delinquent."

Since, as noted above, respondent could not have been adjudicated a delinquent for violation of traffic laws, section 19-2-102(3)(c)(I) does not apply here.

We hold, therefore, that the requirements of section 19-2-102(3)(c)(I) do not apply to interrogation of a child by a law enforcement official concerning traffic offenses which could not result in the child's being adjudicated a delinquent. A contrary holding would, in our view, seriously disrupt the enforcement of traffic laws and regulations throughout the state. We hasten to add, however, that statements obtained in violation of *U.S. Const.* amend. V, *Colo. Const.* Art. II, Sec. 18, and *Miranda v. Arizona, supra*, are not rendered admissible by our decision here.

At the second trial, the county court granted respondent's motion for acquittal and the district court affirmed. Although we disapprove of the district court judgment, double jeopardy prevents retrial of respondent. *People v. Terry*, 189 Colo. 177, 538 P.2d 466.

Judgment disapproved.

MR. JUSTICE GROVES and MR. JUSTICE CARRIGAN dissent.

MR. JUSTICE GROVES dissenting:

If I were a member of the General Assembly I would favor a statute expressly stating the law as the majority opinion here interprets it. The majority accomplishes a result greatly to be desired. I cannot, however, shut my eyes to the plain language of section 19-2-102(3)(c)(I), C.R.S. 1973 and, therefore, dissent.

MR. JUSTICE CARRIGAN dissenting:

I respectfully dissent.

The issue is whether traffic offenses, *i.e.*, crimes arising out of the operation of motor vehicles, are excepted from the requirements of section 19-2-102(3)(c)(I), C.R.S. 1973. That statute provides:

"No statements or admissions of a child made as a result of interrogation of the child by a law enforcement official concerning acts alleged to have been committed by the child which would constitute a crime if committed by an adult shall be admissible in evidence against that child unless a parent, guardian, or legal custodian of the child was present at such interrogation and the child and his parent, guardian, or legal custodian were advised of the child's right to remain silent, that any statements made may be used against him in a court of law, the right of the presence of an attorney during such interrogation, and the right to have counsel appointed if so requested at the time of the interrogation; except that, if a public defender or counsel representing the child is present at such interrogation, such statements or admissions may be admissible in evidence even though the child's parent, guardian, or legal custodian was not present."

Clearly no exception for traffic offenses appears in the plain language of the statute. Thus the effect of the majority opinion is to amend the statute to read:

"No statements or admissions of a child made as a result of interrogation of the child by a law enforcement official concerning acts, *other than traffic offenses*, alleged to have been committed by the child . . . ."

If the General Assembly had intended such an exception, it could have inserted into the statute the words which this court, in effect, inserts today. That the legislature was not unmindful of the problem is demonstrated by the immediately preceding section which expressly excepts "traffic violations" from its coverage. Section 19-2-101, C.R.S. 1973.

The Children's Code, where the section in question is found, should be liberally construed to protect the interests of children. The majority opinion unnecessarily restricts the protection afforded by section 19-2-102(3)(c)(I) to questioning while the child is "in temporary custody or under detention." While that statement of the majority opinion is dictum, it should be noted that the police interrogation of the sixteen-year-old boy in this case occurred at a police station, and therefore, the conditions were equivalent to temporary detention.

Section 19-2-102(3)(c)(I), by requiring the presence of a parent, guardian, or legal custodian during police interrogation of a child, establishes a standard for ethical police conduct in seeking incriminating statements from children. Similar ethical standards are usually followed by attorneys, insurance adjusters, and reputable private investigators in obtaining from adolescents statements regarding automobile accidents. If such care not to overreach or take unfair advantage of a child's inexperience is appropriate where only possible civil liability is involved, surely the same concern for fairness ought to apply where the police seek incriminating statements from children.

The effect of today's majority opinion is to undermine substantially the protection the General Assembly provided children suspected of

crimes. While the result reached no doubt provides a more efficient and expedient means of dealing with minors, accomplishing those goals is not a proper concern of courts but of the General Assembly. Judicial self-restraint and a proper respect for the prerogatives of the co-equal legislative branch of government should preclude our amending statutes to engraft exceptions where no legislative history indicates that an exception was intended.

The county court and district court correctly applied the plain language of the statute to accomplish its obviously intended purpose, and I would approve their judgments.