**PEOPLE of the State of Colorado in the Interest of R. L. N., Child.**

**Upon the Petition of F. C. T., Petitioner-Appellant**

**And Concerning J. D. C., Respondent-Appellee.**

**No. 79CA0657.**

Colorado Court of Appeals, Div. II.

· Jan. 4, 1980.

Robert R. Gallagher, Jr., Dist. Atty., Ray L. Weaver, Chief Deputy Dist. Atty., Littleton, for petitioner-appellant.

No appearance for respondent-appellee.

COYTE, Judge.

From the dismissal of her petition in a paternity proceeding, petitioner appeals. We reverse.

On September 7, 1969, respondent, 17½ years of age, signed the following affidavit:

"COMES NOW [J.D.C.], who first being duly sworn upon oath, deposes and says: That he is the father of a minor child to be born of [F.C.N.] . . . on or about 12th day of September, 1967, and does hereby acknowledge paternity of the said minor child by [F.C.N.]

FURTHER: He does acknowledge his liability for the support of the minor child and will pay according to his ability in the future, including an allotment from any military pay he may receive."

When the amended petition seeking determination of respondent's paternity was filed, the child referred to in the affidavit, R.L.N., was 10 years old. The trial court determined that the affidavit was invalid and that therefore the action was barred by § 19–6–101(2), C.R.S.1973 (cf. § 19–6–108, C.R.S.1973 (1978 Repl.Vol. 8)), which statute limited the right to bring a paternity action after five years from the birth of the child, unless the provision was tolled by the conduct of the putative father, such as signing a valid acknowledgment of paternity. See People in the Interest of L.L.R. II, 39 Colo. App. 180, 562 P.2d 1121 (1977).

The trial court ruled that unless a guardian, parent, or legal counsel is present at the signing of an acknowledgment of paternity by a minor, such acknowledgment is void. We agree with petitioner that the ruling is erroneous.

■ The record on appeal is very limited; however, it appears that the trial court relied on § 19–2–102(3)(c)(I), C.R.S.1973, in holding that the acknowledgment was void. The clear purpose of that statute is to afford a special protection to a juvenile who is in police custody because of alleged criminal acts. See People v. Maes, 194 Colo. 235, 571 P.2d 305 (1977); see also People v. Maynes, 193 Colo. 111, 562 P.2d 756 (1977). In contrast here, the admission of paternity did not pertain to any allegation of criminal conduct, and therefore, the statute is inapposite.

■ Moreover, the mere infancy of respondent at the time of signing the affidavit would not render the affidavit void. As stated in De Souza v. Barber, 263 F.2d 470 (9th Cir. 1959):

"A statutory definition of minority, without more, does not in itself render inadmissible confessions or admissions of an infant. Whether the confession or admission is competent depends not alone upon the infant's age, but also upon his intelligence, education, information, understanding, and ability to comprehend."

Consequently, the dismissal of the petition by the trial court is reversed, and the cause is remanded for further proceedings in conformity with the foregoing.

PIERCE and RULAND, JJ., concur.