**Carlos VILLAREAL, Plaintiff–Appellant,**

v.

**Honorable Larry LOPEZ, a Judge, Denver County Court, Defendant–Appellee.**

**No. 79CA1005.**

Colorado Court of Appeals.

Aug. 7, 1980.

Rehearing Denied Sept. 4, 1980.

Feuer, Flossic & Rich, Dana L. Larson, Denver, for plaintiff–appellant.

Max P. Zall, City Atty., Lee G. Rallis, Asst. City Atty., Denver, for defendant–appellee.

KIRSHBAUM, Judge.

Plaintiff, Carlos Villareal, appeals an order of the district court affirming a sentence imposed by the defendant county court judge as a result of a guilty plea to a traffic violation. We affirm.

Plaintiff, born June 1, 1963, was charged in the Denver County Court with violating three Denver ordinances regulating the operation of motor vehicles when he drove a car without a license in December of 1978. On March 1, 1979, plaintiff entered a plea of guilty to the traffic offense of eluding a police officer. Plaintiff, who was repre-

sented by counsel, did not request that the case be transferred to the Juvenile Court pursuant to § 19–1–103(9)(c), C.R.S. 1973 (1978 Repl. Vol. 8).

Plaintiff previously had received a 25–day suspended sentence in juvenile court proceedings for offenses of vehicle theft and burglary committed on October 22, 1978, and charges of aggravated motor vehicle theft, criminal mischief and theft were pending against him at the time of the April 27, 1979, sentencing hearing. At that hearing defendant permitted plaintiff to choose between two alternative dispositions: a jail sentence to the Denver County Jail plus a $300 fine, or a 45–day assignment to the Denver Mountain Parks Work Project, a supervised work–release program which requires participants to remain in the Denver County Jail at night. Plaintiff elected the Mountain Parks alternative at that time, and sentencing was continued to June 8, 1979. Plaintiff filed a motion to reconsider sentence, arguing that defendant had no jurisdiction to impose a jail sentence on him. Defendant denied the motion on June 8, 1979, and review of that action was obtained in the district court pursuant to C.R.C.P. 106.

█ Plaintiff initially contends that the county court was without jurisdiction to impose a jail sentence on a 15–year old minor. Assuming that the placement of plaintiff in the Mountain Parks Work Project for 45 days constitutes a jail sentence, we reject plaintiff's contention.

Exclusive jurisdiction is granted to the juvenile court:

"[c]oncerning any delinquent child, as defined in section 19–1–103(2) and (9), but concerning a delinquent child as defined in section 19–1–103(9)(c), the court may refuse to accept jurisdiction in the case ...." Section 19–1–104(1)(a), C.R.S. 1973 (1979 Repl. Vol. 8)

The definition of a delinquent child applicable here is set forth in § 19–1–103(9)(a), C.R.S. 1973, (1978 Repl. Vol. 8) as follows:

" 'Delinquent child' means any child ten years of age or older who, regardless of where the violation occurred, has violated:

(I) Any federal or state law, except state traffic and game and fish laws or regulations;

(II) Any municipal ordinance except traffic ordinances, the penalty for which may be a jail sentence; or

(III) Any lawful order of the court made under this title."

Section 19–1–103(9)(c), C.R.S. 1973, (1978 Repl. Vol. 8) contains the following pertinent provision:

"the provisions of paragraph (a)(I) of this subsection (9) notwithstanding, the term 'delinquent child' shall include any child under sixteen years of age who has violated a traffic law or ordinance if his case is transferred from the county court to the juvenile court."

The provisions of the Children's Code must be considered in light of the declaration of the General Assembly contained in § 19–1–102(1), C.R.S. 1973 (1978 Repl. Vol. 8), which states in part as follows:

"The general assembly declares that the purposes of this title are:

(a) To secure for each child subject to these provisions such care and guidance, preferably in his own home, as will best serve his welfare and the interests of society ...."

Section 19–1–103(9) establishes that minors charged with traffic offenses may be excluded from the provisions of the Children's Code. *See I.R. v. People*, 171 Colo. 54, 464 P.2d 296 (1970). Indeed, plaintiff agrees that the county court had jurisdiction to consider his alleged violations of Denver's traffic regulations. He contends, however, that in exercising that jurisdiction the defendant could not impose a jail sentence upon him. We disagree.

The General Assembly has provided for the filing of traffic charges against minors in courts other than the juvenile courts. *I.R. v. People, supra.* Moreover, although a minor charged with violating a traffic offense may request a transfer from a court of general jurisdiction to a juvenile court, § 19–1–103(9)(c), C.R.S. 1973 (1978 Repl.

Vol. 8), the juvenile court has the authority to refuse to accept jurisdiction in such a case. Section 19–1–104(1)(a), C.R.S. 1973 (1978 Repl. Vol. 8). Thus, the General Assembly has provided that children charged with traffic offenses in county court may, contrary to their own wishes, be required to remain within that court's general jurisdiction. Here, plaintiff did not even request that the case be transferred to the juvenile court, but accepted the jurisdiction of the county court until after the sentencing hearing.

Plaintiff's contention that a court of general jurisdiction is without authority to impose a jail sentence upon a minor is based on numerous policy arguments involving the benevolent and remedial purposes of the Children's Code. However, the contention ignores the statutory distinction made by the General Assembly regarding minors who violate traffic laws. Such minors are not subject to the provisions of the Children's Code if the prosecuting authorities elect to file traffic charges in a court other than a juvenile court. Sections 19–1–103(9)(c), 19–1–104(1)(a), C.R.S. 1973 (1978 Repl. Vol. 8).

In *Mook v. City of Tulsa*, 565 P.2d 1065 (Okl.Cr.App.1977), the Oklahoma Court of Criminal Appeals held that the Oklahoma Juvenile Act prohibited municipal courts from sentencing non–delinquent children to adult penal institutions. That decision was based in part upon an express declaration of purpose in the Oklahoma Juvenile Act to prohibit confinement of children in jails. Colorado's Children's Code authorizes the trial of minors as adults and requires the trial of minor traffic offenders by a court of general jurisdiction when a juvenile court refuses to exercise jurisdiction over such case upon request. Nothing in this Code suggests that the General Assembly sought to restrict the sentencing authority of courts of general jurisdiction in cases wherein minors are charged with traffic offenses.

Plaintiff's reliance on *People in the Interest of A.F.*, 192 Colo. 207, 557 P.2d 418 (1976) is misplaced. There the court held that, under the applicable statutes, a juvenile court had no authority to order minors subject to its jurisdiction to serve weekend sentences in a county jail as a condition of probation. The question here is the authority of a county court to exercise its sentencing authority in cases properly before it. When a minor is convicted of a traffic offense in a county court which has jurisdiction over that minor, the Colorado Children's Code does not prohibit the court from sentencing the minor to serve a term in the county jail.

■ Plaintiff also contends that the imposition of a jail sentence upon him in this case violates his rights to equal protection because other minors tried in juvenile court for traffic offenses could not be subjected to a jail sentence. This assertion ignores the facts of this case and the statutory provisions concerning the relationship between general courts and juvenile courts in traffic offense cases. Plaintiff had a right to request transfer to the juvenile court here, and, if the request were granted, to be treated as all minor traffic offenders who appear in juvenile court. He elected not to exercise that right. Moreover, the General Assembly's distinction regarding traffic offenses is based on reasonable policy considerations. The potential harm to society, including substantial risks of injury or death to innocent persons, resulting from violations of traffic laws by untrained and inexperienced minors, is sufficient justification to distinguish minors who commit traffic offenses from minors otherwise insulated from possible incarceration in adult penal institutions.

Order affirmed.

COYTE and VAN CISE, JJ., concur.