Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David Vela, Colo. State Public Defender, Seth Benezra, Deputy State Public Defender, Denver, for defendant-appellant.

**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Donald Earl PELLIEN, Defendant-Appellant.**

**No. 83CA1077.**

Colorado Court of Appeals, Div. I.

Jan. 31, 1985.

PIERCE, Judge.

Defendant, Donald Earl Pellien (Pellien), appeals from a denial of his motion to vacate a sentence pursuant to Crim.P. 35(c), contending that the sentence as imposed was illegal. We reverse the order, vacate the sentence, and remand the cause for resentencing.

Pellien pled guilty to aggravated robbery which is a class three felony, allowing sentencing in the presumptive range of four to eight years. Section 18–4–302(3), C.R.S. (1978 Repl.Vol. 8); § 18–1–105(1)(a)(I), C.R.S. (1984 Cum.Supp.). At the time of the robbery offense, he was on probation pursuant to a youthful offender adjudication under New York laws for committing second degree burglary when he was 17 years old. Because of the New York adjudication, the trial court concluded that, in the words of § 18–1–105(9)(a)(III), C.R.S. (1984 Cum.Supp.), defendant was "on probation for another felony at the time of the commission of the" aggravated robbery, and that imposition of a sentence beyond

the presumptive range thus was statutorily mandated. Accordingly, it sentenced defendant to 10 years imprisonment.

## I.

Pellien attacks the legality of his sentence and contends the sentence exceeded the maximum authorized by law. He thus properly proceeded pursuant to Crim.P. 35(c). *See People v. Bradley,* 169 Colo. 262, 455 P.2d 199 (1969). Section 18–1–409, C.R.S. (1978 Repl.Vol. 8), and C.A.R. 4 do not apply to an allegedly illegal sentence. *Cf. People v. Carey,* 701 P.2d 89 (Colo.App.1984). Therefore, this appeal is properly before this court.

## II.

The crux of the issue here is whether Pellien's prior New York adjudication can be considered a felony in Colorado so as to warrant aggravated sentencing under § 18–1–105(9)(a)(III), C.R.S. (1984 Cum. Supp.). We find it does not.

Although not bound by New York law, we note that New York has established a special procedure for youthful offenders. Its public policy is to save a minor defendant from the stigma and consequences attending a criminal conviction such as this. *People v. Shannon,* 1 A.D.2d 226, 149 N.Y. S.2d 550 (1956). Under the New York statutory scheme, "a youthful offender adjudication is not a judgment of conviction for a crime or any other offense." N.Y.Crim. Proc.Law § 720.35 (McKinney 1975). As a result, in New York, a defendant may not be sentenced as a *second* felony offender if the predicate felony is the result of a youthful offender adjudication. *People v. Mitchell,* 88 A.D.2d 982, 451 N.Y.S.2d 789 (1982).

Similarly, in Colorado, under our Children's Code, a child under 18 can be charged with the commission of a crime only in the manner permitted by the Code so as to avoid classifying the juvenile as a "criminal." *People ex rel. Rodello v. Dis-*

*trict Court,* 164 Colo. 530, 436 P.2d 672 (1968); *People ex rel. Terrell v. District Court,* 164 Colo. 437, 435 P.2d 763 (1967). Thus, had Pellien committed the prior burglary as a juvenile in Colorado, absent unusual circumstances, he would not have been charged with a crime, but rather would have been adjudicated by the juvenile court to be a delinquent child "by virtue of having committed an act which would constitute a felony if committed by an adult." Section 19–1–104(4)(a), C.R.S.; *I.R. v. People,* 171 Colo. 54, 464 P.2d 296 (1970). Hence, he is not within the class of persons who have been convicted of a felony. *See Colo. Const.* Art. XVIII § 4; *Barrett v. People,* 136 Colo. 144, 315 P.2d 192 (1957).

Under the circumstances of this case, therefore, we conclude that Pellien cannot be considered to be on "probation for another felony" by virtue of the New York adjudication. Thus, the trial court erred in imposing a sentence beyond the presumptive range under § 18–1–105(9)(a), based on the New York probation.

The order denying Pellien's motion is reversed, the sentence is vacated, and the cause is remanded for resentencing in accordance with the views expressed in this opinion.

VAN CISE and TURSI, JJ., concur.