The **PEOPLE** of the State of Colorado,
Petitioner-Appellant,

In the Interest of S.J.F., A
Child, Appellee,

And Concerning: L.F., Respondent.

No. 87SA36.

Supreme Court of Colorado,
En Banc.

April 27, 1987.

Robert R. Gallagher, Jr., Dist. Atty., Richard H. Bloch, Deputy Dist. Atty., Littleton, for petitioner-appellant.

Stephen A. Jones, Lakewood, for appellee S.J.F.

No appearance for respondent L.F.

VOLLACK, Justice.

The People bring this interlocutory appeal pursuant to C.A.R. 4.1(a), 7B C.R.S.

(1984),[1] seeking reversal of a juvenile court order suppressing evidence found by search of a juvenile incident to his arrest.[2] We reverse the suppression order and remand for proceedings consistent with this opinion.

## I.

Shortly after noon on November 18, 1986, an Arapahoe County sheriff's deputy arrived at a residence in response to a report of a possible burglary in progress. He arrived to find a ladder propped against the rear of the house; the ladder led to a second story window. The lower half of the second story window was broken and the window was partially open. The deputy could see one person inside the second story room, and a pair of legs dangling from the broken window. He ordered the two persons to the ground. Both turned out to be male juveniles.

When the minors reached the ground, the deputy explained to them that they did not have to talk to him, that they were entitled to an attorney, and that they did not have to answer any questions. He then asked them for identification. One of the minors was sixteen-year-old S.J.F., and the other turned out to be the son of the owner and resident of the house. The latter told the officer that his mother had "kicked him out." About five minutes after arriving at the scene, the deputy heard over his police radio that there had been a similar offense the day before at the same location.

The deputy called the owner and resident at work, and she advised him that no one had permission to be in the house. She arrived at the house thirty to forty-five minutes later and repeated this statement. After checking through the house, she returned to notify the police that some items were missing. In this same time frame, another police car had arrived to take custody of S.J.F. and transfer him to Gilliam Youth Center, a facility for juvenile offenders. The officer driving the transfer unit car performed a pat-down search of S.J.F. and found the jewelry items that are the subject of this interlocutory appeal. At the suppression hearing, the officer could not specifically remember whether he learned of the prior burglary before or after the search, but did recall that the search was not conducted until after the owner of the house had arrived.

S.J.F. was charged in a delinquency petition with second degree burglary, section 18–4–203, 8B C.R.S. (1986); theft, section 18–4–401(2)(c), 8B C.R.S. (1986); and criminal mischief, section 18–4–501, 8B C.R.S. (1986). At the preliminary hearing, the case was bound over on the burglary and theft charges.[3] A separate hearing was held on the juvenile's motions to suppress statements and evidence. The People confessed the motion to suppress statements.

---

1. C.A.R. 4.1(a) reads as follows:

     (a) **Grounds.** The state may file an interlocutory appeal in the supreme court from a ruling of a district court granting a motion under Crim.P. 41(e) and (g) and Crim.P. 41.-1(i) made in advance of trial by the defendant for return of property and to suppress evidence or granting a motion to suppress an extra-judicial confession or admission; provided that the state certifies to the judge who granted such motion and to the supreme court that the appeal is not taken for purposes of delay and the evidence is a substantial part of the proof of the charge pending against the defendant.

   C.A.R. 4.1(a), 7B C.R.S. (1984).

2. Under the Children's Code, detention of a juvenile by a law enforcement officer in this context is described as "protective custody" rather than arrest. However, because criminal law search and seizure principles are being applied in this opinion, we use the word "arrest" to describe both adult and juvenile detentions. Whenever we refer to "arrest" of a juvenile, we are describing a juvenile being taken into temporary custody by law enforcement, pursuant to section 19–2–101, 8B C.R.S. (1986).

3. Under the Children's Code, the prosecution files a petition in delinquency rather than a criminal information. § 19–3–101(1)(b), –102, 8B C.R.S. (1986). While a criminal information charges an adult with certain crimes, a delinquency petition alleges that a juvenile has "committed an act which would be a felony, misdemeanor, or municipal or county ordinance violation if committed by an adult." § 19–2–101(1)(a), 8B C.R.S. (1986). When we refer in this opinion to a crime or criminal act by a juvenile, we are describing an act which would violate a law or ordinance "if committed by an adult."

After hearing testimony, the trial court suppressed the evidence found during the search as being illegally seized, because the court believed that section 19–2–102(3)(c)(I) applied, but was not complied with. The People appeal the suppression of the evidence. Because section 19–2–102(3)(c)(I) does not apply to search incident to a lawful arrest, we reverse the trial court's suppression order.

## II.

■ In order to determine the legality of a search, the first issue that must be considered is what type of search was performed. The general rule, which applies to both minors and adults, is that a search must be conducted in accordance with fourth amendment rights. *Interest of B.M.C.*, 32 Colo.App. 79, 506 P.2d 409 (1973). Although the same tests generally apply, there is a statutory exception controlling consent searches of minors. *Id.* at 84, 506 P.2d at 411. A search by consent requires that consent to the search be obtained from the minor's parent, guardian, or legal custodian.[4] *People v. Reyes*, 174 Colo. 377, 483 P.2d 1342 (1971) (provisions of section 19–2–102(3)(c)(I), which require the presence of a parent or guardian when child makes admissions or statements, also apply to consent searches). The parties do not claim, and the record does not show, that the search of S.J.F. was a consent search. Therefore, section 19–2–102(3)(c)(I) and the cases construing that portion of the statute do not apply here.

■ Search of a juvenile that is not a consent search is governed by the general rule that "[w]arrantless searches are per se unreasonable unless they satisfy an exception to the warrant requirement." *People v. Thiret*, 685 P.2d 193, 200 (Colo.1984). One of these exceptions is that a warrantless search is valid "if at the time of the search the officer has probable cause to arrest." *Cunningham*, 194 Colo. at 202, 570 P.2d at 1089. When police have made a lawful arrest,[5] they "may properly search the defendant and seize all 'contraband or articles, the possession of which gives the police officers reason to believe a crime has been committed.'" *People v. Traubert*, 199 Colo. 322, 327, 608 P.2d 342, 345 (1980). "[A] search incident to [a lawful] arrest requires no additional justification." *Id.* at 326, 608 P.2d at 345.

## III.

If a search is incident to an arrest, the controlling issue is whether probable cause existed for the arrest. The juvenile court here entered its suppression order without expressly ruling on probable cause.

■ We have recently held that "[p]robable cause to arrest exists when facts and circumstances within the arresting officer's knowledge are sufficient to support a reasonable belief that a crime has been or is being committed by the person arrested." *People v. Tufts*, 717 P.2d 485, 491 (Colo.1986). In assessing the

4. Section 19–2–102(3)(c)(I) reads as follows:
   No statements or admissions of a child made as a result of interrogation of the child by a law enforcement official concerning acts alleged to have been committed by the child which would constitute a crime if committed by an adult shall be admissible in evidence against that child unless a parent, guardian, or legal or physical custodian of the child was present at such interrogation and the child and his parent, guardian, or legal or physical custodian were advised of the child's right to remain silent, that any statements made may be used against him in a court of law, the right of the presence of an attorney during such interrogation, and the right to have counsel appointed if so requested at the time of the interrogation; except that, if a public defender or counsel representing the child is

present at such interrogation, such statements or admissions may be admissible in evidence even though the child's parent, guardian, or legal or physical custodian was not present. § 19–2–102(3)(c)(I), 8B C.R.S. (1986).

5. Because both the People and the juvenile describe this incident as an arrest, and because we hold that the arrest was lawful, we need not address the People's alternative argument that the initial contact was an investigatory stop which would trigger a standard "less than that of probable cause." *People v. Tottenhoff*, 691 P.2d 340, 343 (Colo.1984). The totality of the facts and circumstances here established probable cause, and we do not decide whether the initial contact could have been characterized as an investigatory stop that later evolved into an arrest.

existence of probable cause, a court must consider "the totality of facts and circumstances known to the officer at the time of the arrest" and determine if the officer "reasonably believed that the person arrested committed a crime." *Id.* If the police had probable cause to make the arrest, the warrantless search is valid. *People v. Cunningham*, 194 Colo. 198, 202, 570 P.2d 1086, 1089 (1977). Where there has been a warrantless arrest, the prosecution bears the burden of establishing probable cause for the arrest. *People v. Rayford*, 725 P.2d 1142, 1146 (Colo.1986).

## IV.

The minor contends that the information possessed by the deputy, coupled with his observations, did not amount to probable cause for the arrest, thereby invalidating the search. We disagree. The record shows that the officer could and did reasonably believe that the two minors were committing a crime.

■ Here, the sheriff's deputy received a report of a possible burglary in progress. Upon his arrival at the reported address, he saw a ladder propped against the rear of the residence, leading to a second story window. The lower pane of the window was broken, and the window was partially open. The deputy observed one person inside, who had apparently entered the second story room through the broken window. The deputy also observed the feet of a second person dangling from the open window. Within a few minutes of his arrival, the deputy was told via his police radio that there had been a similar offense at the same location the day before.

Given the totality of these facts and circumstances, we find that the deputy had probable cause to reasonably believe that a crime was being committed. In *Cunningham*, 194 Colo. 198, 570 P.2d 1086 (1977), this court held that the sight of two scantily clad youths descending from a tree at midnight at the location of a ransom drop site constituted probable cause. *See also LaFeve v. People*, 177 Colo. 67, 492 P.2d 852 (1972) (where occupants of vehicle had white substance on their clothing and hair

which looked like the acoustical tile in ceiling of store through which burglars had entered, and items found in car were later identified as stolen, these facts amounted to sufficient probable cause for warrantless arrest); *People v. McCombs*, 629 P.2d 1088 (Colo.App.1981) (when police responding to silent alarm found defendant loading items with store price tags into his car, there was probable cause to arrest).

■ The juvenile court here suppressed the physical evidence obtained from the search of the juvenile. The trial judge held that the provisions of section 19–2–102(3)(c)(I) governed the search, even though this was neither a consent search nor a search based on statements made by the minor. The court also relied on *People v. Saiz*, 42 Colo.App. 469, 600 P.2d 97 (1979), which held that physical evidence which is the fruit of a statement improperly obtained from a minor is inadmissible. In contrast, the search in the case at bar was incident to a lawful arrest, not based on any statement or admission of the minor. Accordingly, we find that the trial court erred in applying section 19–2–102(3)(c)(I) and *Saiz*, and we reverse the suppression order.

Our review of the record further shows that the People have met their burden of establishing the existence of probable cause for the arrest. The record reveals that the People established probable cause for the arrest by the deputy, therefore the arrest was lawful. It follows that the jewelry seized incident to the lawful arrest is admissible. We reverse the trial court's suppression order and remand for proceedings consistent with this opinion.